**STATE of Maine**

v.

**Monique R. (Faucher) TABER.**

Supreme Judicial Court of Maine.

Argued Jan. 18, 1984.

Decided May 1, 1984.

John R. Atwood, Dist. Atty., Patricia G. Worth, Asst. Dist. Atty. (orally), Rockland, for plaintiff.

Steven G. Fletcher (orally), Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Monique Taber appeals from her conviction of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312-13 (Supp. 1983), after a jury-waived trial in Superior

Court, Knox County. She contends on appeal that the trial court erred in denying her suppression motion, arguing that the stop of her automobile in Rockland by a Rockport police officer was illegal. She also asserts that the court erred in admitting a list of steps taken by the police officer in administering a breath-alcohol test and in admitting the test results. We disagree and affirm the conviction.

Rockport Police Officer Norman Dean was parked and watching traffic on Route 17 when he saw Taber's car pull out and head south toward Rockland. He pulled out to follow after he saw her car cross the center line and travel in the left lane for about 200 yards. He continued to observe erratic driving but realized he would cross the Rockland line before making the stop. He notified the Rockland police of his situation.

After entering Rockland, Dean stopped Taber's car. Based on her actions and responses, he concluded she was under the influence of liquor. Rockland Police Officer Daniels arrived on the scene. Based on his observation of Taber and her response to several field sobriety tests, he came to the same conclusion as Officer Dean and arrested Taber. At the Knox County jail, a Rockland sergeant used a self-contained, breath-alcohol testing apparatus to analyze three samples of Taber's breath. The average test result indicated a blood-alcohol level of 0.21% by weight.

Taber contends as she did at trial, that she was illegally stopped in Rockland by a Rockport officer acting outside the geographic scope of his authority. Therefore, she argues, all evidence obtained as a result of that stop should be suppressed. The trial court concluded that Dean did have authority to act in Rockland because he was also a duly commissioned Knox County deputy sheriff. We reject Taber's

argument that (1) Dean must be considered as having been an off-duty and out-of-uniform[1] deputy sheriff and (2) because Dean was employed only part-time by the sheriff's department, he had less authority while "off-duty and out-of-uniform" than a full-time deputy might have had. We agree with the trial court that Dean had the authority, as a deputy sheriff, to stop Taber in Rockland.

■ Taber also asserts that the results of the breath test should have been excluded as unreliable because there was no evidence that the list of steps taken by the officer administering the test conformed to Department of Human Services regulations, as required by 29 M.R.S.A. § 1312(6). However, that subsection also provides that

> [f]ailure to comply with any provisions of this subsection or with any regulations promulgated in this subsection shall not, by itself, result in the exclusion of evidence of blood-alcohol level, unless the evidence is determined to be not sufficiently reliable.

29 M.R.S.A. § 1312(6) (Supp. 1983). We conclude that, on this record, Taber has failed to demonstrate unreliability sufficient to require exclusion of the test results.

The entry is:

Judgment affirmed.

All concurring.

1. Taber also argues that because Dean was wearing a Rockport uniform he did not satisfy the requirement in 30 M.R.S.A. § 953, that a deputy be in uniform while enforcing the examination and inspection of motor vehicles statute,

29 M.R.S.A. §§ 2501–2525 (Supp. 1983). The statutes relied on are irrelevant to the question of Dean's territorial authority to enforce the law.