Glenwood G. OLIVER

v.

SECRETARY OF STATE.

Supreme Judicial Court of Maine.

Argued Jan. 11, 1985.

Decided March 26, 1985.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for plaintiff.

Susan P. Herman, James M. Bowie (orally), Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Glenwood Oliver appeals from a judgment of the Superior Court (Kennebec County) ruling that plaintiff was not entitled to relief on his claims under 42 U.S.C. § 1983 (1982) and denying his appeal pursuant to M.R.Civ.P. 80C from a decision of the Secretary of State suspending his license. On appeal, plaintiff alleges that the Superior Court erred in the following respects: 1) in remanding the case to the Secretary of State for a second hearing; 2) in denying plaintiff's motion for class certification; 3) in granting judgment for the Secretary of State on plaintiff's section 1983 claim; and 4) in upholding the Secretary of State's suspension of his license.

Finding no error that warrants reversal, we deny the appeal.

On January 7, 1984, while on patrol on Main Street in Gorham, Officer Robert Mailman of the Gorham Police Department observed a motor vehicle being operated by plaintiff in an erratic manner. Mailman pulled the car over and asked plaintiff to perform several field sobriety tests. After plaintiff failed these tests, Mailman placed him under arrest and transported him to the police station. After being read the implied consent form, plaintiff chose to take the breath test on the intoxilyzer machine. Mailman, who conducted the test, reported a result of .16% to the Secretary of State. He also reported a statement of his probable cause to believe that plaintiff had been operating his vehicle with an excessive blood alcohol level.

The Secretary of State issued a notice of suspension to the plaintiff, informing him that his right to operate a motor vehicle would be suspended. Plaintiff filed a timely request for a hearing, which was held in February 1984.

The hearing was conducted pursuant to 29 M.R.S.A. § 1311–A(8)(B) (Supp.1983–1984), *repealed and replaced by* P.L.1983, ch. 850, § 1 (effective May 2, 1984).[1] This subsection provided:

> **B.** The sole issue at the hearing shall be whether by a preponderance of the evidence there was probable cause to believe that the person was operating or attempting to operate with an excessive blood-alcohol level. If it is determined, after hearing, that there was not probable cause to believe that the person operated or attempted to operate a motor vehicle with an excessive blood-alcohol level, the suspension shall be removed immediately.

At the start of the hearing, the hearing officer specified that the sole issue was "whether by a preponderance of the evidence there was probable cause to believe that the petitioner was operating or attempting to operate a motor vehicle with excessive blood alcohol level." At the conclusion of the hearing, the hearing officer found that there had been probable cause.

On February 24, 1984, the plaintiff filed a Verified Class Action Complaint for Declaratory and Injunctive Relief. The first five claims for relief were brought pursuant to 42 U.S.C. § 1983 (1982).[2] The sixth claim for relief was based on 14 M.R.S.A. § 5951–5963 (1980) (Declaratory Judgments Act) and 14 M.R.S.A. § 6051 (1980) (Equity Proceedings).

Plaintiff also filed a motion for a temporary restraining order. The Superior Court denied this motion, treating it as one for a preliminary injunction. Although plaintiff had not requested a stay of his suspension, the court indicated that it had taken under advisement "plaintiff's request for stay."

By an order dated February 28, 1984, the Superior Court granted a stay of plaintiff's license suspension. The court stated that although it recognized that the case before it concerned only a question of temporary relief, it would treat the case as one concerning stay pending appeal of an administrative decision. The Superior Court then

---

1. 29 M.R.S.A. § 1311–A(8)(B) (Supp.1984–1985), which was added by Chapter 850, provides:

> **B.** The scope of the hearing shall include whether, by a preponderance of the evidence (1) There was probable cause to believe that the person was operating or attempting to operate a motor vehicle while having 0.10% or more by weight of alcohol in his blood; (2) The person operated or attempted to operate a motor vehicle; and (3) At the time the person had 0.10% or more by weight of alcohol in his blood.

Chapter 850 also added subsections (8)(C)–(E) to section 1311–A.

2. 42 U.S.C. § 1983 (1982) provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

offered the Secretary of State the opportunity to request that the case be remanded for a full new administrative hearing. If the Secretary of State requested the new hearing, the hearing examiner would be required to address not only whether the arresting officer had probable cause to believe that plaintiff was operating with greater than .10 blood alcohol level, but also whether plaintiff had *in fact* operated his motor vehicle with a blood alcohol level above legal limits.[3]

The Secretary of State subsequently requested, and was granted, a remand for a second administrative hearing. At no time did plaintiff object that the Superior Court did not have authority to remand the case nor did he object to the Secretary's request. Instead, plaintiff filed his first amended complaint, which sought a Rule 80C review of the existing agency license suspension.

Plaintiff's second agency hearing was held in March 1984. The issues which had been specified by the Superior Court were addressed, *viz.*, 1) whether by a preponderance of the evidence there was probable cause to believe that plaintiff was operating or attempting to operate a motor vehicle with excessive blood alcohol; and 2) whether in fact plaintiff was operating or attempting to operate a motor vehicle with an excessive blood alcohol level. The hearing officer found that there was probable cause and that plaintiff had in fact operated with an excessive blood alcohol level.

On April 17, 1984, plaintiff further amended his complaint to include an eighth claim for relief, which sought review of the second agency decision pursuant to M.R. Civ.P. 80C. Plaintiff also filed a request for a stay of the second administrative action. On April 24, 1984, the Superior Court denied this request, as well as plaintiff's motion for class certification.

By another order dated September 10, 1984, the Superior Court denied the Rule 80C appeal and ruled that the plaintiff was not entitled to relief on the section 1983 claim. Plaintiff now appeals to this Court.

## I.

After the hearing on plaintiff's motion for a temporary restraining order, the Superior Court denied plaintiff's motion and offered the Secretary of State the opportunity to request that the case be remanded for a full new administrative hearing. The Secretary of State subsequently requested, and was granted, the remand. At the second hearing, the Secretary of State addressed the two issues specified by the Superior Court, and determined: 1) that the arresting officer had probable cause to believe that plaintiff was operating with an excessive blood alcohol level; and 2) that the plaintiff was in fact operating a motor vehicle with an excessive blood alcohol level. On appeal, plaintiff contends that because no petition for review of final agency action was before the Superior Court when it heard the motion for the temporary restraining order, the Superior Court lacked authority to remand to the agency for a new hearing. Therefore, the plaintiff argues, the second administrative order suspending plaintiff's license is void.

■ At the outset, we note that the Superior Court, at the particular procedural posture of the case, lacked authority to remand the entire case to the Secretary of State. The purpose of the hearing was to

---

3. In specifying these to be the "proper" issues for determination in a new administrative hearing, the presiding Justice relied on the Superior Court's decision in *Williamson v. Secretary of State*, No. CV–83–544 (Me.Super.Ct., Ken. Cty., February 28, 1984). *Williamson* was a Rule 80C appeal from a license suspension of a person under twenty years of age pursuant to 29 M.R.S.A. § 2241–G(2)(B) (Supp.1983–1984), *repealed and replaced by* P.L.1983, ch. 850, § 4 (effective May 2, 1984), known as the "Teen Drinking Law." In that case, the Superior Court held unconstitutional the statutory restriction of issues at the administrative hearing to the question of whether the arresting officer had probable cause to believe that the driver was operating with greater than .02 percent blood alcohol level. Instead, the court stated, the hearing officer must address whether the licensee had *in fact* operated his vehicle with a blood alcohol level above legal limits. We intimate no opinion on the issues presented in *Williamson.*

hear and determine plaintiff's motion for a temporary restraining order. Plaintiff had not yet amended his complaint to include the seventh claim for relief, which sought review of final agency action. Neither the Superior Court nor any other court had declared 29 M.R.S.A. § 1311–A(8)(B) unconstitutional.

■ More important to our consideration of this issue, however, is the method by which this remand took place. The Superior Court, after hearing plaintiff's motion for the temporary restraining order, did not simply order that the case be remanded. Instead, the court offered the Secretary of State the opportunity to request that the case be remanded for a new hearing. The court also specified the issues that any such new hearing would address. In so doing, the court in effect fashioned a remedy for what it perceived to have been a constitutional flaw in the first hearing. Indeed, this same perceived constitutional violation is the basis of plaintiff's section 1983 claim. Yet at no time prior to this appeal did plaintiff question the court's authority to remand the case for a new hearing; nor did plaintiff object to the remedy which was to be provided. Instead, the plaintiff fully participated in the second administrative hearing, and did not then object to the proceedings. We find that his attempt to do so now is belated. By failing to object to the remand and accepting the remedy, plaintiff has waived any objection to the propriety of the remand.

■ Moreover, we find that because plaintiff fully participated in a second agency hearing which addressed the constitutional deficiency that he now alleges is the basis of his section 1983 claim, any alleged constitutional violation is moot. As such, the Superior Court did not err in ruling that plaintiff was not entitled to relief on his claims under section 1983. In addition, because the alleged constitutional violation is moot, plaintiff is precluded from serving as the named plaintiff in this class action. *See, e.g., Bailey v. Patterson,* 369 U.S. 31, 32–33, 82 S.Ct. 549, 550–551, 7 L.Ed.2d 512 (1962); *Wilson v. Secretary of Health & Human Services,* 671 F.2d 673, 679–680 (1st Cir.1982).[4]

## II.

Finally, plaintiff contends that the Superior Court erred in denying his Rule 80C appeal because the agency had before it insufficient evidence to suspend his license.

■ At the second administrative hearing, the Secretary of State suspended plaintiff's license because, addressing the issues specified in the Superior Court remand order, it found 1) that there was probable cause to believe that plaintiff was operating a motor vehicle with an excessive blood alcohol level; and 2) that plaintiff was in fact operating a motor vehicle with an excessive blood alcohol level. In reviewing factual findings of the Secretary of State, we determine whether the agency's decision is supported by substantial evidence on the whole record. 5 M.R.S.A. § 11007(4)(C)(5) (1979); *Gulick v. Board of Environmental Protection,* 452 A.2d 1202, 1207 (Me.1982).

■ We have carefully examined the record, and conclude that the agency heard ample evidence to conclude that the officer had probable cause to believe that plaintiff was operating a motor vehicle with an excessive blood alcohol level. Officer Mailman testified that he observed plaintiff operating a motor vehicle in an erratic manner; that plaintiff had difficulty in presenting his license and registration; and that plaintiff's eyes were dazed and bloodshot. Officer Mailman also testified that plaintiff failed the field sobriety tests, and admitted that he had been drinking.

■ We also find substantial evidence in the record to support the agency's find-

---

**4.** That the Superior Court denied plaintiff's motion for class certification on another basis is not fatal; the judgment will be affirmed on appeal if its ultimate conclusion is correct in law. *L. Ray Packing v. Commercial Union Insurance Company,* 469 A.2d 832 (Me.1983).

ing that plaintiff was in fact operating a motor vehicle with an excessive blood alcohol level. In addition to the officer's testimony, the agency had before it a duly sworn and signed blood alcohol certificate, certifying that plaintiff's blood alcohol level was .165%. We find no merit to plaintiff's arguments that the certificate was improperly admitted into evidence before the agency. We recognize that at the time of the second agency hearing, section 1311–A(8) did not provide that a duly signed and sworn certificate would constitute prima facie proof of the licensee's blood alcohol level. We nonetheless find that for purposes of an administrative hearing, the certificate is the reliable kind of evidence "upon which reasonable persons are accustomed to rely in the conduct of [their] serious affairs." 5 M.R.S.A. § 9057(2) (1979). Therefore, it is admissible in an administrative proceeding such as plaintiff's second hearing before the Secretary of State. The information in this certificate, as well as the officer's testimony as to plaintiff's condition, constitutes ample evidence from which the agency could conclude that plaintiff was operating with an excessive blood alcohol level.

The entry is:

Judgment affirmed.

All concurring.