ROBERTS, Justice.
Donald W. Merrill appeals from judgments of the Superior Court, Kennebec County, affirming his license suspension imposed by the Secretary of State under the “Teen Drinking Law,” 29 M.R.S.A. § 2241-G (Supp.1984) and dismissing Merrill’s claim for relief under 42 U.S.C. § 1983. Merrill’s principal contention on appeal is that a hearing examiner improperly took “official notice” of a blood alcohol certificate. We affirm the judgments of the Superior Court.
At the hearing on March 21, 1984, a hearing examiner took “official notice” of a blood alcohol certificate in the agency’s file prepared by Wayne Buck, a chemist employed by Demers Laboratory. Merrill’s motion for a continuance of the hearing in order to dispute the facts officially noticed by the agency was denied by the hearing examiner. The hearing examiner ultimately found sufficient evidence to demonstrate that Merrill operated a motor vehicle with a blood alcohol content of .02 percent or more and ordered removal of the stay of suspension previously granted. Merrill then filed a petition for Rule 80C review and a verified complaint for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. After a hearing on October 16, 1984, the Superior Court, Cumberland County, denied Merrill’s Rule 80C appeal. After a hearing on November 29, 1984, the Superior Court granted the State’s motion to dismiss Count 2 of the complaint, the section 1983 action.
Merrill notes that 5 M.R.S.A. § 9057(2) (1979) provides that “evidence shall be admitted if it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs.” He urges that because the certificate contains no foundational prerequisites for scientific evidence of its kind, reasonable persons would not rely upon the bare statement of a chemist. We have recently held, however, that a certified blood alcohol test result is evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs. See Oliver v. Secretary of State, 489 A.2d 520 (Me.1985).[1]
*1369 Merrill also contends that our recent holding in Oliver is distinguishable from the case at bar because in the instant case there was no indication on the blood alcohol certificate, nor any showing at the hearing, that Wayne Buck was certified by the Department of Human Services to conduct blood alcohol tests. Because this issue was raised for the first time before us, we decline to entertain it at this stage of the proceedings. See, e.g., Johnson v. Town of Dedham, 490 A.2d 1187 (Me.1985); Blanchette v. York Mut. Ins. Co., 455 A.2d 426 (Me.1983); Cannan v. Bob Chambers Ford, 432 A.2d 387 (Me.1981); Emerson v. Ham, 411 A.2d 687 (Me.1980).
The remaining issues that Merrill raises on appeal are without merit and require no discussion.
The entry is:
Judgment affirmed.
All concurring.

. Merrill urges that properly certified blood alcohol certificates had no prima facie weight at administrative hearings until May 2, 1984, the effective date of P.L.1983, eh. 850. However, in Oliver, we held:
We find no merit to plaintiff’s arguments that the certificate was improperly admitted into *1369 evidence before the agency. We recognize that at the time of the second agency hearing, section 1311-A(8) did not provide that a duly signed and sworn certificate would constitute prima facie proof of the licensee's blood alcohol level. We nonetheless find that for purposes of an administrative hearing, the certificate is the reliable kind of evidence "upon which reasonable persons are accustomed to rely in the conduct of [their] serious affairs.” 5 M.R.S.A. § 9057(2) (1979).
489 A.2d at 525.