Donald A. BENSON

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1988.
Decided Dec. 6, 1988.

Daniel R. Warren (orally), Bean, Jones & Warren, Scarborough, for plaintiff.

James E. Tierney, Atty. Gen., Stephen Dassatti (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Plaintiff Donald A. Benson appeals from a judgment of the Superior Court (Cumberland County, Broderick, J.) denying plaintiff's Petition for Review of a decision of the Secretary of State suspending plaintiff's license pursuant to 29 M.R.S.A. § 1311–A (Supp.1986). Because we conclude there is substantial evidence in the record to support the hearing examiner's decision, we affirm the judgment of the Superior Court.

On July 23, 1987, Officer Peter Perron of the South Portland Police Department stopped the plaintiff after the plaintiff had passed Officer Perron at approximately 60 miles per hour in a 35 mile per hour zone. After observing that the plaintiff had difficulty in producing his license and registration; that plaintiff's face was flushed and eyes were bloodshot; that plaintiff was unable to perform two of three field sobriety tests; that plaintiff's breath exhibited a strong odor of intoxicants; and that plaintiff stated he had been drinking, Officer Perron arrested the plaintiff and transported him to the South Portland Police Department where Officer Perron read the plaintiff the implied consent form. When the plaintiff agreed to submit to a breath test, Officer Perron administered two intoxilyzer tests, the first registering a blood alcohol level of .103; the second, .099. Based on Officer Perron's Report to the Secretary of State and a Certificate of the results of blood-alcohol tests conducted on the plaintiff, the Secretary of State issued a notice of suspension to the plaintiff, informing him that his right to operate a motor vehicle would be suspended. After the plaintiff's timely request, the Secretary of State held a hearing in August 1987, pursuant to 29 M.R.S.A. § 1311–A(8)(B) (Supp.1984–85). The hearing examiner upheld the suspension. After a hearing in March 1988, the Superior Court denied plaintiff's Petition for Judicial Review of Final Agency action. Plaintiff now appeals to this Court.

The issues to be determined by the Secretary of State at a license suspension hearing pursuant to 29 M.R.S.A. § 1311–A(8)(B) are as follows:

The scope of the hearing shall include whether, by a preponderance of the evidence:

1. There was probable cause to believe that the person was operating or attempting to operate a motor vehicle while having a 0.10% or more by weight of alcohol in his blood;

2. The person operated or attempted to operate a motor vehicle; and

**112**

3. At the time the person had 0.10% or more by weight of alcohol in his blood.

■ "In reviewing factual findings of the Secretary of State we determine whether the agency's decision is supported by substantial evidence on the whole record." *Dodd v. Secretary of State,* 526 A.2d 583, 584 (Me.1987) (quoting *Oliver v. Secretary of State,* 489 A.2d 520, 524 (Me.1985)). Our review of the record discloses that the hearing examiner had sufficient evidence to conclude that Officer Perron had probable cause to believe the plaintiff was operating a motor vehicle with an excessive blood alcohol level. *See Oliver v. Secretary of State,* 489 A.2d 520, 524 (Me.1985).

■ We also find sufficient evidence in the record to support the hearing examiner's finding that plaintiff was in fact operating a motor vehicle with an excessive blood alcohol level. The hearing examiner based his decision in part on a signed and notarized certificate, certifying that plaintiff's blood alcohol level was 0.10%. Contrary to plaintiff's assertion, the absence of a list of steps confirming that the administration of the breath test conformed to §§ 1311–A and 1312 does not render the certificate unreliable. *See State v. Taber,* 474 A.2d 877, 878 (Me.1984). In fact, "failure to comply with any provisions of [29 M.R.S.A. § 1312(6)] ... shall not, by itself, result in the exclusion of evidence of blood alcohol level, unless the evidence is determined to be not sufficiently reliable." *Taber,* 474 A.2d at 878 (quoting 29 M.R.S.A. § 1312(6) (Supp.1983)). The information in the certificate and Officer Perron's testimony constitute sufficient evidence from which the hearing examiner could conclude that plaintiff was operating with an excessive blood alcohol level. *See Oliver,* 489 A.2d at 525.

The entry is:

Judgment affirmed.

All concurring.