**STATE of Maine**

v.

**Jody DIAZ.**

Supreme Judicial Court of Maine.

Argued March 14, 1989.

Decided April 10, 1989.

R. Christopher Almy, Dist. Atty. and Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for the State.

Walter Hanstein (orally), Cloutier, Joyce, Dumas & David, Livermore Falls, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Jody Diaz appeals from his conviction by a Superior Court jury (Penobscot County;

*Silsby, J.*) of operating under the influence or with excessive blood alcohol in violation of 29 M.R.S.A. § 1312 (1983 and Supp.1987) (Class D).

██ Because we are reviewing for obvious error, we do not find that the prosecutor's improper closing comments concerning Diaz's expert witness warrant vacation of the judgment.[1] *State v. Dube,* 522 A.2d 904, 907 (Me.1987). Regrettably, however, we once again find it necessary to remind the State of its overriding obligation to see that an accused receives a fair trial, *State v. Pineau,* 463 A.2d 779, 781 (Me.1983), and admonish against the use of personal opinions concerning a witness' credibility. M.Bar.R. 3.7(e);[2] *State v. Pendexter,* 495 A.2d 1241, 1241 (Me.1985).

██ Furthermore, because evidence in the record supports the presiding justice's determination that the intoxilyzer tests are "sufficiently reliable," we reject Diaz's contention that admission of the results into evidence constitutes an abuse of discretion. 29 M.R.S.A. § 1312(6); *State v. Taber,* 474 A.2d 877, 878 (Me.1984). Finally, in the absence of any objection by Diaz to the jury instructions, we fail to find "obvious error affecting substantial rights." *State v. True,* 438 A.2d 460, 467 (Me.1981).

The entry is: Judgment affirmed.

All concurring.

---

1. During his closing argument, the prosecutor stated in part as follows:
   [The Defendant's expert] came in here and he told you just what this man wanted him to say ... he could care less what the facts were.

2. M.Bar.R. 3.7(e) provides, *inter alia,* as follows:
   (2) In appearing in his professional capacity before a tribunal, a lawyer shall not:

   (v) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any postion or conclusion with respect to the matters stated therein; or