STATE OF MAINE                                    SUPERIOR COURT
Androscoggin, ss.                                 Civil Action
                                                  Docket No. AP-01-18
                                                  TED-AND- 4/25/2002

DONALD D'AUTEUIL,
                                                  MAY 6 2002
         Petitioner

    v.                                            **DECISION ON APPEAL**

STATE OF MAINE, SECRETARY OF
STATE, BUREAU OF MOTOR VEHICLES,                  RECEIVED & FILED

         Respondent                               APR 25 2002

                                                  ANDROSCOGGIN
                                                  SUPERIOR COURT

## I. STATUS OF THE CASE

Donald D'Auteuil appeals from a decision of a hearing officer, of the Bureau

of Motor Vehicles, who denied a reinstatement of petitioner's motor vehicle

operator's license, which had been suspended for refusal to submit to a blood-

alcohol test after he was arrested for operating under the influence of intoxicants.

29-A M.R.S.A. § 2411.

## II. BACKGROUND

After petitioner's license was administratively suspended for refusing to

submit to the test, D'Auteuil requested a hearing. Officer Daniel Vachon of the

Lewiston Police Department was the only witness for the State. The primary issue at

the hearing and on this appeal is whether there was sufficient admissible evidence

upon which the hearing officer could determine whether there was probable cause

to determine if D'Auteuil was the operator of the vehicle in question.

Officer Vachon had responded to his dispatcher's call of a one-car collision with a utility pole on Main Street in Lewiston about 1:45 A.M. He was later told by a sup[erior officer to go to petitioner's home, perform field sobriety tests, and arrest him if he appeared under the influence. The only evidence that D'Auteuil had been driving the vehicle was that an unidentified female had stated that D'Auteuil was the driver of the car. This information was told by the female to other officers, but not to Vachon. Vachon testified further that he observed a damaged vehicle in D'Auteuil's driveway, which damage was consistent with having hit a utility pole.

## III. DISCUSSION

The petitioner argues that the hearing officer improperly relied upon inadmissible hearsay evidence, without which there is no evidence that he operated the vehicle. However, in administrative hearings, a hearing officer may rely on hearsay testimony if it is "the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of their serious affairs." *Oliver v. Secretary of State*, 489 A.2d 520, 525 (Me. 1985).

On review of the record, the court finds that the hearing officer's decision was based upon the evidence as a whole, which included Officer Vachon's report, his testimony, and information learned by him from other officers. *See State v. Smith*, 277 A.2d 481, 488 (Me. 1971) ("The knowledge of each officer working in co-ordination in an attempt to solve a reported crime is the knowledge of all. Probable cause can rest upon the collective information of the police, rather than solely on the knowledge of the officer who actually makes the arrest.").

2

The hearing officer's reliance on the unidentified eyewitness who identified the petitioner as the driver is not misplaced. The eyewitness's statements became more reliable when they were corroborated by the damage on the vehicle found in petitioner's driveway and that he had been drinking.

In considering an appeal, the standard of review is whether the hearing officer abused her discretion, committed an error of law, or made findings not supported by substantial evidence in the record. 5 M.R.S.A. § 11007(4)(C) (1988); *Davric Maine Corp. v. Maine Harness Racing Comm'n*, 732 A.2d 289, 293 (Me. 1999). The issue before the court is not whether it would have reached the same conclusion as the agency, "but whether the record contains competent and substantial evidence that supports the result reached." *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261 (Me. 1997).

Title 29-A M.R.S.A. § 2521 governs cases of refusal to submit to blood-alcohol tests, and subsection 8 sets out the issues to be determined at the administrative hearing on a refusal. Section 2521(8) states:

> If a hearing is requested in accordance with section 2483, in addition to specific issues required by a specific offense, the scope of the hearing must include whether:
>
> A. There was probable cause to believe the person operated a motor vehicle while under the influence of intoxicants;
>
> B. The person was informed of the consequences of failing to submit to a test; and
>
> C. The person failed to submit to a test.

The latter two parts are not at issue here. The evidentiary standard in the administrative hearing is a by preponderance of the evidence. 29-A M.R.S.A. § 2484(3).

## IV. CONCLUSION

The statement of this eyewitness is specifically the type of evidence upon which reasonable persons, including police officers investigating a single car accident at 1:45 A.M., would rely. That a car was found parked outside D'Auteuil's residence with damage consistent with a utility pole collision lends credibility to the statement. Here the anonymous tip was just one piece of the puzzle, and was corroborated by physical evidence. Considering the evidence as a whole, there was sufficient probable cause for the arrest.

## V. DECISION

The clerk will make the following entry onto the docket as the decision and judgment of the court.

Decision of the hearing officer is affirmed.

So Ordered.

DATED: ___April 24, 2002___

Thomas E. Delahanty II
Justice, Superior Court

4.

Date Filed _August 31, 2001_     __ANDROSCOGGIN__     Docket No. __AP-01-18__
                                    County

S.R.

Action __80C APPEAL - LICENSE SUSPENSION__


DONALD A. D'AUTEUIL                    BUREAU OF MOTOR VEHICLES
Greene, Maine


                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Daniel A. D'Auteuil, Jr., Esq.  BAR #7831<br>ISAACSON & RAYMOND<br>75 Park St., P.O. Box 891<br>Lewiston, ME 04243-0891 | Joseph A. Wannemacher, AAG<br>DEPARTMENT OF THE ATTORNEY GENERAL<br>6 State House Station<br>Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| **2001**<br>Sept. 12: | Received 8-31-01.<br>Filing fee paid. ($120.00) Rec. #8-31-01 #17.<br>Summary Sheet, filed.<br>Petition for Review of Final Agency Action Pursuant to Rule 80C, filed. |
| "  " | Received 9-6-01.<br>Correspondence from Kerry O'Brien, AAG  RE:  Joseph A. Wannemacher, AAG will be representing the State; record will be filed, filed. |
| Sept. 20: | Received 9-20-01.<br>Record on Appeal, filed. |
| "  " | On 9-20-01.<br>Notice and Briefing Schedule Rule 80C Appeal of Final Agency Actions mailed Daniel A. D'Auteuil, Jr., Esq. and Joseph A. Wannemacher, AAG on 9-20-01.<br>(Appellant's Brief due on or before October 30, 2001) |
| Oct. 30: | Received 10-30-01.<br>Brief of Appellant, filed.<br>(Appellee's Brief due on or November 29, 2001). |
| Dec. 3: | Received 12-3-01.<br>Respondent's Brief, filed. |
| "  " | Certificate of Service, filed.<br>(Appellant's Reply Brief due on or before December 21, 2001.) |
| Dec. 4: | Received 12-4-01.<br>Hearing officer's decision to Respondent's Brief, filed. |
| **2002**<br>March 4: | On 2-27-02.<br>Oral Argument held.<br>After hearing, court takes matter under advisement.<br>Delahanty, II, J., Presiding, no court reporter, Daniel A. D'Auteuil for the Plaintiff and Kerry O'Brien, AAG for the defendant. |