STATE of Maine

v.

**Jeffrey BUTLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1995.

Decided Nov. 15, 1995.

David W. Crook, District Attorney, Paul Rucha, Assistant District Attorney, Augusta, for State.

Robert Sandy, Sherman, Sandy & Lee, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

The State appeals, pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1994), an order of the District Court (Waterville, *Anderson, J.*) granting defendant Jeffrey Butler's motion to suppress evidence of his refusal to take a breath test. The State contends that the court erred in its interpretation of 29 M.R.S.A. § 1312 (Pamph.1994). We agree and vacate the order of suppression.

At approximately 1:30 AM on August 15, 1994, Butler was stopped by Officer Michael Grizkewitsch of the Waterville Police Department. Grizkewitsch observed Butler operate his motor vehicle at speeds well in excess of the posted limit, make a wide turn causing his car to go over a sidewalk curb, and straddle the center yellow line for a distance of approximately two hundred feet. After smelling alcohol emanating from the car, Grizkewitsch asked Butler to perform three field sobriety procedures. In Grizkewitsch's opinion, Butler failed all three. Butler was arrested and taken to the Waterville Police Department.

At the police station Grizkewitsch read to Butler an Implied Consent Form supplied to the police department by the Bureau of Mo-

tor Vehicles.[1] Butler told Grizkewitsch that he did not understand the form's meaning. Grizkewitsch attempted to paraphrase it. Butler again said that he did not understand. Grizkewitsch read the form to Butler six times. Butler consistently maintained that he did not understand what was being read to him. After repeatedly attempting to explain the form, Grizkewitsch then told Butler that it required his signature. Butler signed the form, acknowledging that he had been advised of the consequences of failing to take a chemical test and that he did not wish to take the test. Butler repeated that he did not understand.

After Butler signed the form, he stated to Grizkewitsch that he would take a blood test. Butler testified at the hearing that his reason for offering to take a blood test but refusing the breath test was that he was concerned with the reliability of the Intoxilyzer machine.

Following a plea of not guilty, Butler filed a motion to suppress evidence relating to the stop, his arrest, and his refusal to take the breath test.[2] The District Court denied the motion with regard to the stop and arrest, but granted it with regard to the refusal. The court reasoned that the failure to take a chemical test was not the fault of Butler because he told Grizkewitsch that he was willing to take a blood test. Therefore, nothing of value could be inferred from Butler's failure to submit to a chemical test because there was no "refusal." Relying on *State v. Ayotte*, 333 A.2d 436, 439 (Me.1975), the court interpreted section 1312 as prohibiting police departments from restricting the form of chemical test available to one suspected of operating under the influence of intoxicating liquor. Grizkewitsch testified at the hearing that the Waterville Police Department routinely offers only breath tests because of the expense of blood tests. The court found the department's policy to be in contravention of the statute.

■ A ruling on a motion to suppress based on uncontroverted facts involves a legal conclusion that we review independently on appeal. *State v. Dube*, 655 A.2d 338, 340 (Me.1995).

■ The District Court's reliance on *State v. Ayotte* is misplaced. In *Ayotte* we recognized that the purpose of the implied consent law was "to increase the availability of reliable evidence as to the true state of a driver's sobriety." *Ayotte*, 333 A.2d at 439. We also recognized that the statute as it was then written allowed a defendant to choose between a breath and a blood test.[3] The Legislature, however, has since removed that choice. P.L.1985, ch. 412, § 1. As amended, section 1312 states that "a breath test will be administered, unless, in the determination of the law enforcement officer, it is unreasonable for a breath test to be administered...." In other words, the Legislature did intend exactly what the court said it did not; namely, that police departments may determine that breath tests will be the rule,

1. The form is read to persons suspected of operating under the influence of intoxicating liquor to inform them of their duty to submit to chemical testing and the consequences of refusing to submit. It tracks the language of 29 M.R.S.A. § 1312(*l*) and states, in pertinent part:

    1. By operating or attempting to operate a motor vehicle in this State you have a duty to submit to and complete chemical tests to determine your blood-alcohol level and drug concentration.

    2. I will give you a breath test unless I decide it is unreasonable, in which case another chemical test will be given. If you are requested to take a blood test you may ask that your physician perform the test if your physician is reasonably available.

    3. If you fail to comply with your duty to submit to and complete chemical tests your driver's license or permit or right to apply for or obtain a license will be suspended for at least 6 months and may be suspended as long as 3 years. Your failure to submit to a chemical test is admissible against you at any trial for operating while under the influence of intoxicating liquor or drugs.

2. We note that because the evidence of a refusal was not "illegally obtained," Butler's attempt to have it excluded should more properly have been the subject of a motion in limine. M.R.Crim.P. 41A(a).

3. Previously, section 1312 read: "He shall be informed by a law enforcement officer of the tests available to him, *and said accused shall select and designate one of the tests....*" 29 M.R.S.A. § 1312 (1978) (emphasis added) (amended 1985).

and blood tests will be given only when a breath test is "unreasonable."

 The District Court's concern with regard to the probative value of a refusal to take only one kind of test, as opposed to a refusal to be tested at all, is an issue that may be addressed by Butler at trial. Excluding from evidence the fact of a refusal to take a chemical test is a statutory remedy that should be afforded only when the law enforcement officer "fails to give either of the warnings required under subsection 1." 29 M.R.S.A. § 1312(8). Butler's failure to take a breath test in this instance does amount to a refusal to submit to chemical testing, within the meaning of the statute. The fact that Butler testified he would take a blood test because he did not trust the breath test shows that he specifically did refuse to take a breath test. Butler's willingness to submit to a blood test is irrelevant because the Legislature has said that, unless the officer deems it unreasonable, a breath test will be given. Therefore, Butler's conscious refusal to take a breath test amounts to "[t]he failure of a person to comply with the duty required by this section to submit to a chemical test [which] shall be admissible in evidence on the issue of whether that person was under the influence of intoxicating liquor or drugs." 29 M.R.S.A. § 1312(8).

The entry is:

Suppression order vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.