STATE OF MAINE                           SUPERIOR COURT
PENOBSCOT, ss.                           CIVIL ACTION
                                         Docket No. AP-03-030

TAMMY DOYLE,                    )
                               )
            Plaintiff          )
                               )
v.                             )                    OPINION
                               )
STATE OF MAINE,                )         ┌─────────────────────────┐
                               )         │    FILED & ENTERED       │
            Defendant          )         │    SUPERIOR COURT        │
                               )         │                          │
                                         │       SEP 22 2005         │
                                         │                          │
                                         │   PENOBSCOT COUNTY        │
                                         └─────────────────────────┘

This matter is before the Court on appeal pursuant to 5 M.R.S.A. §§11001-11008

(2004) and Rule 80C of the Maine Rules of Civil Procedure from a decision of the

Respondents, State of Maine, Department of the Secretary of State (herein "**Secretary**")

suspending the Petitioner's license for refusing to submit to a blood-alcohol test pursuant

to 29-A M.R.S.A. § 2521 (1996 and Supp. 2004).

## BACKGROUND

Petitioner, Tammy Doyle, does not contest the hearing officer's finding on the

record that there was probable cause to believe she was operating her truck while under

the influence of intoxicants or that she was informed of the consequences for failing to

submit to a blood-alcohol test. The only issue before the Court is whether or not

Petitioner failed to submit to a blood-alcohol test within the meaning of 29-A M.R.S.A. §

2521(1) and (2).

1

Petitioner refused several times to submit to field sobriety tests after being pulled over by Officer Fletcher. (R. at 60.) Later, at the police station, Petitioner refused to submit to field sobriety tests. (R. at 63-64.) There were some discussions at the station about whether Petitioner would submit to a blood test. (R. at 64.) Despite having agreed at the police station to submit to a blood test, Petitioner refused upon arriving at the hospital. (R. at 64.) After repeated attempts to get Petitioner to sign the implied consent form, both at the station and the hospital, Petitioner finally signed the consent form. (R. at 9, 64.) After Sergeant Stewart, Petitioner's supervisor, arrived at the hospital and entered Petitioner's room, Petitioner finally submitted to a blood test. (R. at 64-65.)

A hearing was held on August 8, 2003, and the Hearing Officer determined that, by a preponderance of the evidence, Petitioner "clearly failed to submit to a chemical test at the direction of the law enforcement officer who informed her of the consequences of that refusal." (BMV Decision at 2.). This appeal followed.

## DISCUSSION

### A.  Standard of Review

The Court's review of the Respondents' determination is very limited. Agency rulings may be reversed or modified on appeal only if the Court determines that they are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by bias or error of law, (5) unsupported by substantial evidence on the whole record or (6) arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A § 11007(4)(C) (2004).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion." Lewiston Daily Sun v.

2

Maine Unemployment Ins. Comm'n, 1999 ME 90, ¶ 7, 733 A.2d 344, 346. The Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n., 450 A.2d 475, 479 (Me. 1982). In cases where conflicting evidence is presented, the Law Court has repeatedly held that such conflicts are for the fact finder to resolve. Bean v. Maine Unemployment Ins. Comm'n, 485 A.2d 630, 634 (Me. 1984). Finally, the remedy available to the court when the record is insufficient for judicial review is a remand to the agency for further findings or conclusions. 5 M.R.S.A. § 11007(4)(B). See also Gashgai v. Board of Registration in Medicine, 390 A.2d 1080, 1085 (Me. 1978). The statute leaves it to the discretion of the court to determine whether additional evidence is necessary to decide the petition for review. 5 M.R.S.A. § 11006(1)(B).

**B.    Applicable Law.**

*1.    Implied Consent to Chemical Tests*

29-A M.R.S.A. § 2521 (1996 and Supp. 2003) states, in relevant part:

1. **Mandatory submission to test.** If there is probable cause to believe a person has operated a motor vehicle while under the influence of intoxicants, that person shall submit to and complete a test to determine blood-alcohol level and drug concentration by analysis of blood, breath or urine.
2. **Type of test.** A law enforcement officer shall administer a breath test unless, in that officer's determination, a breath test is unreasonable. The law enforcement officer may determine which type of breath test is to be administered. Another chemical test must be administered in place of a breath test.

3

5. **Suspension for refusal.** The Secretary of State shall immediately suspend the license of a person who fails to submit to and complete a test.
6. **Period of Suspension.** Except when a longer period of suspension is otherwise provided by law, the suspension is for a period of 275 days for the first refusal, 18 months for a 2nd refusal, 4 years for a 3rd refusal and 6 years for a 4th refusal.

2. *Analysis*

Petitioner argues that "the hearing examiner's finding that the Petitioner failed to submit to a test was unsupported by substantial evidence on the whole record and was arbitrary, capricious and characterized by abuse of discretion." 5 M.R.S.A. § 11007(4)(C)(5)(6). Petitioner admits that she indicated a refusal at the hospital, but contends that because she shortly thereafter submitted to a blood test, her conduct should not be considered a refusal. In State v. Doughty, the Law Court noted:

> The manifest intent of the implied consent law is to provide reliable evidence to aid in determining whether a person suspected of operating under the influence has in fact committed that crime against public safety. The aim is the prompt resolution of the key factual question at the time when the meaningful objective information is available through testing under controlled conditions. If that aim is frustrated by the defendant's refusal to submit to testing when the officer so requests, the statute expressly authorizes the fact finder to consider the logical implication of that refusal. 554 A.2d 1189, 1192 (Me. 1989).

Essentially, Petitioner argues that because she submitted to a blood test at the hospital soon after her verbal refusal, the aim of the implied consent law was not frustrated.

Even though Officer Fletcher stated that, in his mind, the first refusal did not exist because he gave the Petitioner an opportunity to take a blood test, (R. at 96-97.), it is undisputed that the Petitioner refused the breath test several times,

4

and then refused the blood test at the hospital. Approximately, one and a half hours elapsed from Petitioner first refusal of an intoxilyzer test until arrival at the hospital. (R. at 107-108.) The aim of the implied consent law — prompt resolution of a key factual question — indeed seemed frustrated in this case. Additionally, in State v. Butler, 667 A.2d 108, 110 (Me. 1995), a motorist's failure to take a breath test constituted refusal to submit to chemical testing under implied consent law, regardless of his willingness to submit to a blood test. The Hearing Officer's determination that Petitioner refused to take the statutorily-required blood-alcohol test was supported by substantial evidence on the record and does not constitute abuse of discretion. Even without applying the mandated deferential standard, the relevant authority illustrates that the Hearing Officer's determination was correct.

## CONCLUSION

Accordingly, the entry shall be:

The Respondents' decision to uphold the mandatory license suspension is AFFIRMED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: Sept. 22 , 2005

Andrew Mead
Justice, Maine Superior Court

Date Filed 9/26/03          PENOBSCOT          Docket No. AP-2003-30
                               County

Action    RULE 80C APPEAL

          ASSIGNED TO JUSTICE ANDREW M. MEAD


TAMMY DOYLE                          vs.    SECRETARY OF STATE FOR THE STATE OF MAINE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Leonard I. Sharon, Esq<br>90 Main St.<br>P O Box 3130<br>Auburn ME 04212-3130 | Gwendolyn D. Thomas, Assistant Attorney<br>6 State House Station          General<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 9/26/03 | Notice of Appeal to the Superior Court under Rule 80(C) filed by Plaintiff. |
| 10/1/03 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. /s/Margaret Gardner  Copy forwarded to attorney for Plaintiff. |
| 11/3/03 | Entry of Appearance of Gwendolyn D. Thomas, Assistant Attorney General on behalf of Defendant Filed. |
| 11/4/03 | copy of notice of assignment forwarded to defendants attorney. |
| 11/14/03 | Petition For Review 5 M.R.S.A. §11001 et seq. M.R.Civ.P. Rule 80C filed by Petitioner. (Attachment attached) |
| 12/15/03 | Certified Record filed by Respondent. |
| 12/16/03 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to attorneys of record. |
| 1/6/04 | Motion to Extend Time for Filing Brief filed by Petitioner. |
| 1/12/04 | Order filed. The above motion (Petitioner's Motion to Extend Time for Filing Brief) is hereby granted for the reasons set forth therein. (Time extended to 2/16/04) (Mead, J.) Copy forwarded to attorneys of record. |
| 2/2/04 | Motion to Extend Time for Filing Brief filed by Petitioner. |
| 2/6/04 | Court's ruling on Petitioner's Motion to Extend Time for Filing Brief filed 2/2/04; The above motion is hereby granted for the reasons set forth therein. (Mead, J.) (extended until 2/23/04) Copy forwarded to all attorneys of record. |