MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2016 ME 46
Docket:       Ken-15-32
Argued:       December 9, 2015
Decided:      March 31, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

CRYSTAL HODSDON

JABAR, J.

[¶1]  Crystal Hodsdon appeals from a judgment of conviction of one count of theft by deception (Class B), 17-A M.R.S. § 354(1)(B)(1) (2015), in the Superior Court (Kennebec County, *Billings, J.*) after a bench trial.  Hodsdon was charged with improperly accepting more than $109,003 in benefits from MaineCare by misrepresenting that her two minor children lived with her fifty percent or more of the time.  We affirm her conviction.

## I.  BACKGROUND

[¶2]  The following facts are taken from the trial record, and we review them "in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt."  *State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250 (quotation marks omitted).  From May 2009 until April 2013, Hodsdon misrepresented the composition of her

household to obtain MaineCare benefits. During that period, she was employed as an eligibility specialist with the Department of Health and Human Services (DHHS).

[¶3]  A divorce judgment entered in 2008 provided the following schedule of residence for her two minor children: the children would reside with their father from Sunday evening until Friday evening, and with Hodsdon from Friday evening until Sunday evening. The former spouses split time with the children on holidays and school vacations, and Hodsdon was granted primary residence during one uninterrupted two-week period each summer vacation. Hodsdon and her ex-husband generally adhered strictly to this residence schedule, but the children did spend Sunday evenings with Hodsdon for an unspecified period of time.

[¶4]  In 2009, Hodsdon married a man who was disabled and receiving MaineCare benefits. After the marriage, DHHS notified Hodsdon's new husband that the addition of her salary to the household income made him ineligible for MaineCare benefits. Hodsdon, on her new husband's behalf, requested an administrative hearing to appeal DHHS's action to terminate her new husband's benefits. At the hearing, Hodsdon insisted that her children should have been considered part of her new husband's household, because the two children lived with the couple "Friday, Saturday, Sunday, every other Monday, and two . . . half days during the week."

[¶5]  Hodsdon indicated on all documents she submitted to DHHS that the children were living in her household.  While the hearing officer's decision was still pending, Hodsdon submitted two forms to add the children to her household, stating on the forms that she and her ex-husband had the children "half/half."  Hodsdon added the children to the household in order to establish eligibility for Family Related 1931 MaineCare benefits.[1]  Hodsdon's supervisor at DHHS managed her MaineCare case.  Hodsdon frequently told her supervisor that she had the children for more time than her ex-husband.  Hodsdon submitted a meal schedule to DHHS to indicate that she provided meals to her children five to six days per week.  She also submitted a letter in which she characterized the children's residence as follows: "[i]t works out that one week I have them Sun, Wed, [T]hurs, Fri, [S]at.  The next week I have them [M]on, Tues, Fri, [S]at."

[¶6]  After a four-day jury-waived trial, the court entered a judgment convicting Hodsdon of theft by deception (Class B), 17-A M.R.S. § 354(1)(B)(1).  In its ruling, the court determined that the children did not reside with Hodsdon "anything close to [fifty] percent of the time," and that she therefore deceived DHHS by misrepresenting the number of people in her household in order to receive MaineCare benefits.  The court sentenced Hodsdon to six years in prison,

---

[1]  Family Related 1931 MaineCare is distinct from the Disability Related MaineCare benefits that Hodsdon's second husband was receiving.

4

with all but twenty-one months suspended and three years of probation, and ordered her to pay $50,000 in restitution. Hodsdon timely appealed. *See* M.R. App. P. 2.

## II. DISCUSSION

[¶7] Hodsdon argues that the State did not prove beyond a reasonable doubt that her deception resulted in the taking of the property of another and that the evidence is not sufficient to support the court's determination that the children did not reside with her "anything close to [fifty] percent of the time."

[¶8] We defer to all credibility determinations made by the fact-finder. *State v. Black*, 2000 ME 211, ¶ 17, 763 A.2d 109. It is the prerogative of the fact-finder "to resolve conflicting issues of fact." *Wilson v. Gordon*, 354 A.2d 398, 403 (Me. 1976).

[¶9] In this case, the alleged deception resulted in Hodsdon's receipt of Family Related 1931 MaineCare benefits. A defendant is guilty of theft by deception if that person "obtains or exercises control over property of another as a result of deception and with intent to deprive the other person of the property." 17-A M.R.S. § 354(1)(A) (2015). The false impression that a defendant makes in commission of a theft by deception may relate to their intention or other state of

mind.  *State v. Barker*, 387 A.2d 14, 16-18 (Me. 1978).[2]  If a parent is otherwise eligible for Family Related 1931 MaineCare benefits, but custody of the children is split with the other parent, the children must live with the applying parent  at least fifty percent of the time for the parent to be eligible for benefits.  14 C.M.R. 10 144 332, Part 3, §4.1.1 (2015).

[¶10]   On the documentation she submitted to MaineCare, Hodsdon consistently exaggerated the amount of time the children resided with her.  The court heard testimony that although there were exceptions, the general rule was that the children only spent weekends with Hodsdon.  While the children did spend Sunday evenings with Hodsdon for an unspecified period of time, this would have added only an additional half-day to the time they spent in her residence.  DHHS employees testified that occasional changes in the duration of residence would not affect a parent's eligibility unless those changes became more permanent.  Although there was conflicting testimony regarding the application of the fifty-percent rule, most witnesses testified that if children resided with an applicant predominantly on the weekends only, the children would not be included in the applicant's household for the purpose of MaineCare eligibility.

---

[2]   The court in *State v. Barker* was interpreting a prior version of 17-A M.R.S. § 354.  Although the statute has since been amended, the amendments have no effect on the analysis.

6

[¶11]   The court acknowledged that the lack of certainty concerning the parameters of the fifty-percent rule would be problematic in a case where a defendant was close to meeting the threshold, but found that Hodsdon was "nowhere close" to meeting it.   By Hodsdon's most favorable calculations, she would have missed the fifty-percent threshold by more than three days per month, or by more than one month per year.   Given the testimony described above, it was therefore rational for the court to find beyond a reasonable doubt that Hodsdon had not met the fifty-percent rule, had misrepresented the amount of time her children spent in her residence, and was not entitled to MaineCare benefits.   Because there was sufficient evidence to find that Hodsdon committed theft by deception when she intentionally deceived DHHS about the residence of her children, we affirm.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant Crystal Hodsdon

Janet T. Mills, Attorney General, and Darcy Mitchell, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

**At oral argument:**

Jamesa J. Drake, Esq., for appellant Crystal Hodsdon

Darcy Mitchell, Asst. Atty. Gen., for appellee State of Maine

Kennebec County Superior Court docket number CR-2013-1080
FOR CLERK REFERENCE ONLY