STATE OF MAINE
LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2016-02

KYLE LANCASTER,             )
     Petitioner             )
               )       **DECISION AND ORDER**
v.                         )
               )
SECRETARY OF STATE,         )
     Respondent             )

The petitioner, Kyle Lancaster, filed this appeal, pursuant to 5 M.R.S. §§ 11001 *et seq.* and Maine Rule of Civil Procedure 80C, from a decision of a hearing officer for the Bureau of Motor Vehicles that denied a petition for review of a 275 day administrative suspension of Mr. Lancaster's license to operate a motor vehicle pursuant to 29-A M.R.S. §§ 2521 for refusing to submit to a chemical test at the request of a law enforcement officer on December 12, 2015. This court has reviewed the record and the written submissions of the parties.

In reviewing the hearing officer's decision, the Court reviews the record of the administrative agency directly to determine "whether the Hearing Examiner abused her discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Abrahamson v. Secretary of State,* 584 A.2d 668, 670 (Me. 1991). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion." *Lewiston Daily Sun v. Maine Unemployment Insurance Comm'n.,* 1999 ME 90, ¶7, 733 A.2d 344, 346 (quoting *Crocker v. Maine Unemployment Insurance Comm'n.,* 450 A.2d 469, 471 (Me. 1982)). "A reviewing court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result." *Dodd v. Secretary of State,* 526 A.2d 583, 584 (Me. 1987). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record

contains competent and substantial evidence that supports the result reached by the agency. *See CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider v. Board of Exam'r of Psychologist*, 2000 ME 206, ¶ 9, 762 A.2d at 555 (*citing Bischoff v. Bd. of Trustees*, 661 A.2d 167, 170 (Me.1990)). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the agency's decision. *See Id.*

The hearing officer's determination that the officer had probable cause to believe that Mr. Lancaster had operated a motor vehicle while under the influence of intoxicants is supported by substantial evidence. "The probable cause standard for requiring a person to take a blood-alcohol test has a very low threshold." *State v. Webster,* 2000 ME 115, ¶ 7, 754 A.2d 976, 977-78. A person is guilty of operating under the influence if his or her senses are "impaired however slightly" or "to any extent" by the alcohol that person has had to drink. *See State v. Worster,* 611 A.2d 979, 981 (Me.1992).

The record in this case shows:

- Mr. Lancaster's vehicle was on its side in a ditch, but he said he had not been speeding and had no difficulty seeing the road despite the fog;

- Mr. Lancaster repeatedly stated that he had not been injured in the accident, refused medical attention, and the deputy did not observe any signs of injury;

- The deputy and the trooper could smell the odor of intoxicating liquor on Mr. Lancaster;

- The deputy noticed that Mr. Lancaster had slurred speech and glassy eyes;

- The deputy noticed that Mr. Lancaster had a hard time focusing on what was being said;

- The deputy had to repeatedly tell Mr. Lancaster to keep his hands out of his pockets, to put his arms down from over his head, and to get out of the middle of the road;

2

- The deputy detected two clues during the HGN test, which could not be completed because Mr. Lancaster did not follow instructions;

- Mr. Lancaster was belligerent when interacting with the deputy and the trooper; and

- Mr. Lancaster refused to submit to further field sobriety tests.

This was more than enough evidence to support the Hearing Examiner's determination that the officer had probable cause to believe that Mr. Lancaster had operated under the influence. *State v. Sylvain,* 2003 ME 5, ¶ 18, 814 A.2d 984, 989 (bloodshot eyes, admission to drinking two beers provide objectively reasonable suspicion of impairment by alcohol); *State v. King,* 2009 ME 14, ¶ 9, 965 A.2d 52, 54 (odor of alcohol on a driver's breath, admission to drinking, and observation of beer bottles in the car provide objectively reasonable suspicion of impairment by alcohol).

Mr. Lancaster primarily argues on appeal that the hearing officer should not have found that the deputy had probable cause because of evidence that he introduced pertaining to a concussion diagnosis from a belated visit to the emergency room. The hearing officer, as the fact-finder, was free to give more weight to the testimony and evidence from the deputy (including that Mr. Lancaster had alcohol on his breath) than he did to Mr. Lancaster's alternate explanation about a concussion. "It is the prerogative of the fact-finder to resolve conflicting issues of fact." *State v. Hodsdon,* 2016 ME 46, ¶ 8, 135 A.3d 816. While the hearing officer could have accepted Mr. Lancaster's explanation of a concussion explaining his actions on the night in question, this court may not substitute its judgment for that of the hearing officer's merely because the evidence could have justified a different result. *Dodd v. Secretary of State,* 526 A.2d 583, 584 (Me. 1987). In this case, the Hearing Officer's decision that the officer had probable cause to believe that Mr. Lancaster had operated a motor vehicle while under the

3

influence of intoxicants must be affirmed because there is substantial evidence in the record to support such a finding.

Similarly, the hearing officer's determination that Mr. Lancaster failed to submit to a test is supported by substantial evidence in the record. The deputy testified that he read the warnings on the implied consent form to Mr. Lancaster multiple times, and he also allowed Mr. Lancaster to read the warnings to himself multiple times. When Mr. Lancaster persisted in stating that he did not understand the warnings, even after previously indicating that he did understand some of the warnings, the deputy finally asked him to state yes or no whether he was going to submit to a test. Instead of replying yes or no, Mr. Lancaster said that he refused to answer without consulting a lawyer. Under these circumstances, the deputy was fully justified in concluding – despite Mr. Lancaster's testimony about a concussion -- that Mr. Lancaster was refusing to submit to a test, and the hearing officer reasonably relied on the deputy's testimony to conclude that Mr. Lancaster failed to submit to a test.

The Court also rejects Mr. Lancaster's attempt to import Miranda/Fifth Amendment standards into the implied consent inquiry. The plain language of the statute explicitly states that the issues for the hearing examiner are: (1) did the officer advise the motorist of the consequences of refusal, and (2) did the motorist fail to submit to the test. 29-A M.R.S. § 2521(8)(B) & (C). The statute does not require that the officer ensure that the motorist "understands" the consequences of refusal. *State v. Butler,* 667 A.2d 108, (Me. 1995)(motorist "refused" within the meaning of the statute even after repeatedly telling officer that he did not understand the warnings on the implied consent form and that he would be willing to submit to a blood test). The protections afforded a defendant when their liberty is at stake are not

4

appropriate in an administrative context when only a suspension of the privilege of operating a motor vehicle is at stake.

Accordingly, the entry and order is as follows:

The Secretary of State's decision to administratively suspend Kyle Lancaster's license for 275 days for refusing to submit to a test at the request of a law enforcement officer is AFFIRMED.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: March 20, 2017

Daniel I. Billings
Justice, Maine Superior Court