**Clement DODD**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued April 27, 1987.

Decided May 28, 1987.

Kevin Libby, Brett D. Baber (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for plaintiff.

James E. Tierney, Atty. Gen., James P. Howaniec (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The Secretary of State (Secretary) appeals from the judgment of the Superior Court, Cumberland County, vacating the decision of the Secretary suspending the driver's license of Clement Dodd pursuant to 29 M.R.S.A. § 1311–A (Supp.1986). Because we conclude there is substantial evidence in the record to support the decision of the Secretary, we vacate the judgment of the Superior Court and affirm the decision of the Secretary.

### I.

Clement Dodd was arrested for operating a motor vehicle while under the influence of intoxicating liquor. A certified technician took two samples of his blood. One sample was given to Demers Laboratory, a state certified laboratory. The other sample was given to Dodd. Based upon the testimony of the arresting officer and a test result of 0.11 percent blood-alcohol content certified by Demers Laboratory pursuant to 29 M.R.S.A. §§ 1312(6) and (8) (Supp.1986), Dodd's driver's license was suspended pursuant to 29 M.R.S.A. § 1311–A(2)(A). This suspension was reaffirmed after a hearing pursuant to section 1311–A(7) and (8). At the request of Dodd, the hearing was reopened to consider the introduction of the additional evidence of a report by a New Jersey laboratory stating that the blood tested by it had a 0.089 percent blood-alcohol content. After the hearing, the Secretary issued a decision upholding the prior decision to suspend Dodd's license and Dodd sought review by the Superior Court. The court held the evidence did not substantially support the decision of the Secretary and entered a judgment vacating the decision, and the Secretary appeals.

### II.

29 M.R.S.A. § 1311–A(8)(B) sets forth the issues to be determined by the Secre-

tary of State at a license suspension hearing as follows:

> The scope of the hearing shall include whether, by a preponderance of the evidence:
>
> (1) There was probable cause to believe that the person was operating or attempting to operate a motor vehicle while having 0.10% or more by weight of alcohol in his blood;
>
> (2) The person operated or attempted to operate a motor vehicle; and
>
> (3) At the time the person had 0.10% or more by weight of alcohol in his blood.

At the reopened hearing the issue was limited to whether Dodd's blood-alcohol level equalled or exceeded 0.10 percent. In confirming that Dodd's blood-alcohol content equalled or exceeded 0.10 percent the hearing examiner found, *inter alia,* that Dodd had not introduced any evidence that the Demers Laboratory test result was in fact unreliable.

"In reviewing factual findings of the Secretary of State we determine whether the agency's decision is supported by substantial evidence on the whole record." *Oliver v. Secretary of State,* 489 A.2d 520, 524 (Me.1985); 5 M.R.S.A. § 11007(4)(C)(5) (1979). The court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. *Gulick v. Board of Environmental Protection,* 452 A.2d 1202, 1209 (Me.1982).

We have carefully examined the record and find no merit to Dodd's argument that because the New Jersey laboratory reported a 0.089 percent blood-alcohol content of the blood sample submitted to it, the Secretary had to find unreliable or untrustworthy the analysis done by the Demers Laboratory. The fact that the record contains inconsistent evidence does not prevent the agency's finding from being sustained if there is substantial evidence to support it. *Seven Islands Land Co. v. Maine Land Use Regulation Commission,* 450 A.2d 475, 479 (Me.1982). The record discloses that the test on the blood sample given to Demers Laboratory was performed under controlled conditions by a certified technician and the result reported by the Demers Laboratory on the day following Dodd's arrest. The New Jersey laboratory reported its result approximately three months after a blood sample had been given to Dodd and remained in his possession for approximately two and one-half months. Despite the conflicting test results the Secretary could properly conclude by a preponderance of the evidence that Dodd had 0.10 percent or more by weight of alcohol in his blood at the time he was arrested.

The entry is:

Judgment of the Superior Court vacated; remanded for the entry of judgment affirming the decision of the Secretary of State.

All concurring.