**Michael MANCINI**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued March 21, 1988.
Decided April 13, 1988.

Gene R. Libby (orally), Verrill & Dana, Portland, for plaintiff.

James E. Tierney, Atty. Gen., James P. Howaniec (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and
NICHOLS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The Secretary of State appeals from a judgment in the Superior Court, York County, granting Michael Mancini's appeal from the Secretary's decision to suspend his license. We vacate the judgment.

The relevant facts of this case are as follows. At approximately 10:30 p.m. on the evening of September 6, 1986, Trooper Robert Flint of the Maine State Police stopped a car for speeding. Mancini was the driver. Flint detected an odor of alcohol on Mancini's breath and noticed that his eyes appeared glazed and bloodshot. When asked if he had been drinking, Mancini replied that the last time he had consumed intoxicating liquor was five hours previously when he had some drinks at a wedding in Weston, Massachusetts, from which he was returning. Flint had Mancini perform an ALERT test, a portable breath test that estimates whether an individual's blood alcohol content is above or below .10%. The machine indicated that Mancini's blood alcohol level was above .10%. Flint then had Mancini do a field sobriety test, which he performed reasonably well, although he swayed slightly. Flint then arrested Mancini for operating under the influence. Mancini agreed to take a breathalyzer test, and a breath sample was collected approximately 39 minutes after Mancini had been stopped.

Each of two later analyses of the breath sample showed Mancini's blood alcohol content to be .109%.[1] The Secretary of State notified Mancini that his license would be suspended for at least 90 days pursuant to 29 M.R.S.A. § 1311-A (Supp.1987).

Mancini requested a hearing pursuant to section 1311-A, which was held before an

---

1. The figure reported was .10%. The chemist who conducted the test testified that he routinely dropped the last digit of a three digit test result in a forensic test such as a breath analysis.

Administrative Hearing Examiner on October 30, 1986. At the hearing, the chemist from Demers Laboratory who conducted the analysis of Mancini's breath sample was called as a witness by Mancini. The chemist testified that there was an equal probability that Mancini's blood alcohol was .09% or .11% at the time Mancini was operating his vehicle. The Examiner nonetheless upheld the Secretary's decision to suspend Mancini's license.

Mancini appealed the Examiner's decision to the Superior Court pursuant to section 1311–A(8)(E) and 5 M.R.S.A. §§ 11001–11008 (1979 and Supp.1987). Mancini argued that the Examiner's decision was not supported by substantial evidence.

Mancini's appeal was granted after a hearing on October 2, 1987, and the case was remanded to the Secretary of State with a direction to vacate the suspension. This appeal followed.

## DISCUSSION

In an appeal from an administrative decision, when the Superior Court acts as an intermediate appellate court, we review the administrative record directly to determine whether substantial evidence on the whole record supports the administrative agency's decision. *Dodd v. Secretary of State*, 526 A.2d 583, 584 (Me.1987); *Gulick v. Board of Environmental Protection*, 452 A.2d 1202, 1209 n. 6 (Me.1982). In our direct review, we "may not substitute [our] judgment for that of the agency merely because the evidence could give rise to more than one result." *Dodd*, 526 A.2d at 584. Stated another way, "The fact that the record contains inconsistent evidence does not prevent the agency's finding from being sustained if there is substantial evidence to support it." *Id.*

The hearing before the Examiner was governed by 29 M.R.S.A. § 1311–A(8)(B). At the time of the hearing, this provision read as follows:

8. **Hearing.** The hearing and notice shall be as follows ...

B. The scope of the hearing shall include whether, by a preponderance of the evidence:

(1) There was probable cause to believe that the person was operating or attempting to operate a motor vehicle while having 0.10% or more by weight of alcohol in his blood;

(2) The person operated or attempted to operate a motor vehicle; and

(3) At the time the person had 0.10% or more by weight of alcohol in his blood.

Mancini argued in the Superior Court and before us in this appeal that because the chemist testified at the administrative hearing that it was equally probable that Mancini's blood alcohol level was 0.09% as .11%, the Examiner's finding that Mancini was operating with an excessive blood alcohol content was based on mere conjecture, rather than reasonable inference. Therefore, Mancini contends, the record does not contain substantial evidence to support the Examiner's decision. We disagree.

Our review of the record reveals that there was evidence in addition to the test results that, when considered with the test results, constitutes substantial evidence on the record to support the Examiner's decision.

Mancini's admission that he had last consumed liquor five hours before the vehicular stop is circumstantial evidence that his blood alcohol level was falling, not rising, at the time he took the breathalyzer test that later showed his blood alcohol level to have been .109%. Moreover, before he took the breathalyzer test, Mancini was given an ALERT test that indicated his blood alcohol level was over .10%

The chemist's testimony with regard to equal probabilities does not impair the Examiner's finding. According to section 1311–A(8)(B)(3), it was necessary for the Examiner to find by a preponderance of the evidence that Mancini's blood alcohol level was .10% or more while Mancini was operating his vehicle. The Secretary did not have to prove that Mancini's blood alcohol level was higher than .10%, only that it was at least .10%. The chemist offered an opinion only as to the relative probability that

Mancini's blood alcohol level was *above* or *below* .10%. Such testimony is not inconsistent with a finding by a preponderance of a .10% test result. Furthermore, the chemist expressed no opinion as to the likelihood that Mancini's blood alcohol level was .10% at the time he was driving.

We find that the two test results of .109%, Mancini's admission that his last alcohol consumption was five hours before he was stopped, indicating that his blood alcohol level was lower when tested than when operating a motor vehicle 39 minutes earlier, and Mancini's ALERT test result that exceeded .10%, constitute substantial evidence on the record to support the Examiner's decision.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to affirm the decision of the Secretary of State.

All concurring.