**Mark HIDER**

v.

**CHIEF OF POLICE, CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued June 3, 1993.
Decided July 15, 1993.

Peter W. Evans, Portland, for plaintiff.

Bethanne Poliquin, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Plaintiff Mark Hider appeals from the judgment of the Superior Court (Cumberland County, *Lipez, J.*) affirming the second denial by Portland's Chief of Police of Hider's application for a permit to carry a concealed weapon. Hider argues that the Chief is estopped from denying subsequent permit applications on any basis that was known to the Chief at the time of the first denial, and that the Chief abused his discretion in denying the permit. We do not agree and affirm the court's judgment.

In November 1989, an officer of the Portland Police Department, using radar, clocked Hider's car at 50 m.p.h. in a 35 m.p.h. zone on Warren Avenue. The police officer followed Hider until he parked his car in a parking lot at Happy Wheels Skate Center. The officer, checking with other police sources, learned that Hider was known to carry a firearm and that his concealed firearms permit had expired some eight months earlier. The officer then asked Hider if he had any weapons on his person or in his car. Hider answered that he had a gun on the seat next to him. With Hider's consent, the officer retrieved a 9mm Smith & Wesson semiautomatic handgun in a holster from the passenger seat in his car. The gun was loaded with 12 rounds in the magazine and one round chambered to fire. The officer frisked Hider and found a T-handle boot knife in a sheath in Hider's front coat pocket.

Hider was subsequently charged with carrying a concealed weapon in violation of 25 M.R.S.A. § 2001 (1988 and Supp.1992),[1] and with carrying a loaded firearm in a motor vehicle in violation of 12 M.R.S.A. § 7406 (Pamph.1992).[2] The charges were subsequently filed at the request of the Cumberland County District Attorney's Office, with Hider's consent, and upon his payment of costs of $100 on each charge.

Before the charges were filed, Hider made an application to the Chief for a permit to carry a concealed weapon. His application was denied by the Chief based on his failure to demonstrate good moral character as required by 25 M.R.S.A. § 2003 (1988 & Supp.1992). A letter to Hider dated November 27, 1989 stated the basis for the Chief's decision as follows:

> Your criminal history indicates that on November 14, 1989 you were arrested by an officer of this department and charged with Carrying a Loaded Weapon in a Motor Vehicle. A second charge brought at that time was for Carrying a

---

1. 25 M.R.S.A. § 2001 provides in pertinent part that:

   **Threatening display of or carrying a concealed weapon**

   No person may display in a threatening manner, or wear under his clothes or conceal about his person, any firearm, sling shot, knuckles, bowie knife, dirk, stiletto or other dangerous or deadly weapons usually employed in the attack on or defense of a person, unless excepted by a provision of law.

   The provisions of this section concerning the carrying of concealed weapons do not apply to:

   1. **Permit issued.** Firearms carried by any person to whom a valid permit to carry a concealed firearm has been issued as provided in this chapter[.]

2. 12 M.R.S.A. § 7406(8) provides in part that:

   A person is guilty, except as provided in subsection 20, paragraph A, of hunting from a motor vehicle ... or having a loaded firearm in or on a motor vehicle if he:

   ....

   C. Has in or on a motor vehicle or trailer any firearm with a cartridge or shell in the chamber or in an attached magazine....

Concealed Weapon. It is my understanding that your Concealed Firearm's Permit expired on March 7, 1989. In light of the foregoing, you have failed to demonstrate good moral character as required by Section 2003.

The Superior Court (*Alexander, J.*) vacated that first denial on Hider's complaint pursuant to M.R.Civ.P. 80B. Hider then filed a new application for a concealed firearm permit and the Chief of Police again denied the application based on Hider's failure to demonstrate good moral character, noting:

> You have failed to demonstrate good moral character as required by Section 2003 by carrying a concealed weapon (a knife) on November 14, 1989, as prohibited by Section 2001. My determination that you lack the requisite good moral character for a Concealed Firearms Permit is reinforced by your possession of a loaded firearm in a motor vehicle after expiration of your permit and the information recorded by the Secretary of State's office relating to your reckless disregard of the speed limit laws of this state.

On Hider's second complaint, the Superior Court affirmed the decision of the Chief of Police, and that judgment is the subject of this appeal.

### I.

■ Hider argues that "unless the issuing authority can bring to light new facts which would support denial of the issuance of the permit ... the issuing authority is not free to deny subsequent applications upon the same facts." In other words, Hider's position is that the previous litigation forbids the Chief from taking into consideration the fact that Hider was carrying a knife on his person, or that he had a loaded firearm in his car.

Hider's appeal based upon the doctrine of collateral estoppel, however, overlooks what the court determined when it vacated the Chief's denial. The court vacated the original denial of Hider's application because it concluded that the basis of the denial was the pendency of the two criminal charges against Hider, and because

those charges were no longer pending the court concluded that that basis for the denial had "evaporated." The court was explicit in making the pendency of the charges, as opposed to the underlying conduct, the basis of its decision. The court did not reach the question whether Hider's underlying conduct could be the basis for denying a permit. Indeed, the court explicitly refused to give any opinion on that question:

> At oral argument, both parties urged the court to reach the merits of the appeal, even though the then pending charges have been dismissed, since the City is likely to take a similar position on Mr. Hider's application even with the charges dismissed....

> Certainly these may be interesting issues for review and legal determination. However, this court is obligated to limit its consideration to cases in controversy....

"It is familiar law in Maine that '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Sevigny v. Home Builders Ass'n of Maine, Inc.*, 429 A.2d 197, 202 (Me.1981) (citations omitted). Because the court did not determine the validity of denying a permit to Hider on the underlying conduct, the Chief is not collaterally estopped from asserting that conduct as the basis for denying Hider's second request for a permit.

### II.

■ 25 M.R.S.A. § 2003 (1988 & Supp. 1992) sets out the procedure for obtaining a concealed firearms permit and provides that if the applicant has demonstrated good moral character and has met all the requirements specified in Section 2003, the issuing authority shall issue a permit to carry concealed firearms. 25 M.R.S.A. § 2003(4) (Supp.1992) provides that:

> The issuing authority in judging good moral character shall make its determination in writing based solely upon infor-

mation recorded by government entities within 5 years of receipt of the application, *including, but not limited to,* the following matters:

A. Information of record relative to incidents of abuse by the applicant of family or household members....

B. Information of record relative to three or more convictions of the applicant for crimes punishable by less than one year imprisonment....

C. Information of record indicating that the applicant has engaged in reckless or negligent conduct; or

D. Information of record indicating that the applicant has been convicted of or adjudicated as having committed a violation of Title 17–A, chapter 45 or Title 22, section 2383, or adjudicated as having committed a juvenile crime that would be defined as a criminal violation under Title 17–A, chapter 45 if committed by an adult.

(Emphasis added.)

We do not need to decide, as Hider would have us do, whether Hider's conduct amounts to "reckless or negligent conduct."[3] The Chief's stated reasons for denying the permit do not suggest that Hider's conduct amounted to reckless or negligent conduct, and the Chief's authority to make judgments about what constitutes good moral character is not confined to assessing whether conduct is reckless or negligent. Section 2003(4) lists four issues, including reckless and negligent conduct, that the Chief must consider when making an assessment of good moral character. The statute makes clear, however, that this assessment is not limited to those issues.

Thus, the question before us is whether the Chief's assessment that Hider's conduct demonstrated a failure of good moral character, constitutes an abuse of discretion or is otherwise unlawful. "[We] ... must affirm the decision of the administrative agency, unless that decision was unlawful, arbitrary, capricious or unreasonable...." *Driscoll v. Gheewala,* 441 A.2d 1023, 1026 (Me.1982). In view of the fact that Hider was driving his car with a loaded firearm for which he had no permit, and that he had a knife concealed on his person, which was not discovered by the arresting officer until he did a pat-down search, we conclude that the Chief's determination was neither arbitrary nor unreasonable.

■ Although Hider seeks to trivialize what he terms the "mere" act of not having a permit, it is clear that the Legislature does not share his view. 25 M.R.S.A. § 2005 (Supp.1992) provides that if a person has a permit for a concealed weapon but is convicted of carrying a second concealed weapon without a permit, the issuing authority is required to revoke the permit, and the person may not reapply for a permit for 5 years. Hider possessed no permit at all when he was arrested with two concealed weapons. Given the statutory penalties, it was reasonable for the Chief to consider Hider's violation of the permit requirements in denying his application for a permit.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** Reckless or negligent conduct is defined in 25 M.R.S.A. § 2002(11) (1988) as follows:

 ... "Reckless or negligent conduct" means that the applicant, either consciously disregarding or failing to be aware of a risk that his conduct would cause such a result, engaged in conduct which in fact created a substantial risk of death, serious bodily injury or bodily injury to another human being and the applicant's disregard or failure to be aware of that risk, when viewed in light of the nature and purpose of the applicant's conduct and the circumstances known to him, involved a deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation.