STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             CIVIL ACTION
                                        DOCKET NO. AP-2005-01

                                        *[illegible handwritten notation]*

JOSHUA LOWELL,                    )
                                 )
            Petitioner           )
                                 )
    v.                           )
                                 )      **DECISION AND ORDER ON**
MATTHEW DUNLAP,                  )              **APPEAL**
Secretary of State On behalf of the )
Bureau of Motor Vehicles, a state of )
Maine Agency, County of Kennebec, )
State of Maine                   )
                                 )
            Respondent           )


This matter is before the court on appeal pursuant to 5 M.R.S.A. §§11001-11008 (2004)

and Rule 80C of the Maine Rules of Civil Procedure from a decision of the Respondent,

Matthew Dunlap, Secretary of State (herein "**Secretary**") on behalf of the Bureau of

Motor Vehicles (herein "**BMV**"), suspending the Petitioner's, Joshua Lowell, driver's

license after finding that he had operated a motor vehicle with any amount of alcohol in

his blood pursuant while under the age of twenty-one pursuant to 29-A M.R.S.A. §

2472(3)(B) ( 2004) and denying the Lowell's original petition.

## Background

Around midnight on November 6, 2004, Officer Joshua Hardy of the Southwest

Harbor Police Department spotted a truck pull into a closed gas station. He observed that

the truck's registration was expired and asked the driver, Joshua Lowell, to produce his

driver's license. The license revealed that Lowell was under the age of twenty-one. The

Officer observed an open can of beer in the back of the truck and testified that he could

1

smell alcohol on Lowell's breath. Further, Lowell freely admitted that he had consumed four beers that night, the last beer being consumed approximately one hour before the arrival of the officer. He indicated that he was planning to drive home that night. The Officer advised Lowell that, being under the age of twenty-one, he was not permitted to drive with any amount of alcohol in his blood. Lowell performed sobriety tests, but the results are irrelevant here, as the degree of intoxication is immaterial under 29-A M.R.S.A. § 2472(3)(B) (2004).

On December 27, 2004, the Secretary suspended Lowell's driver's license pursuant to 29-A M.R.S.A. § 2472(B)(3) (2004), for operating a motor vehicle with any amount of alcohol in his blood while being under the age of twenty-one. Lowell's requested hearing was held on January 31, 2005. Lowell's attorney did not dispute that his client had any amount of alcohol in his blood or that he had not attained the age of twenty-one. He limited his challenge to the issues of 1) whether there was probable cause to believe that that Lowell had not attained the age of twenty-one and that he was operating or attempting to operate a motor vehicle while having any amount of alcohol in his blood and 2) whether Lowell had operated or attempted to operate a motor vehicle.[1] Lowell's attorney was permitted to cross-examine Officer Hardy, but was interrupted by hearing officer when he asked the Officer about the field sobriety tests.

WAYNE FOOTE: Did he have any mood changes or anything like that?

JOSHUA HARDY: No. He actually seemed very complacent, and answered any questions I had no problems whatsoever.

WAYNE FOOTE: All right. You observed him walking about the area - -

---

[1] This issue was never appealed to this court nor was it truly argued at the hearing. It is, therefore, waived.

JOANNE BAUMRIND (hearing officer): Okay. I am going to stop you at this point because we are here today under a §2472 (3) (B). And under these - - under that statute and those issues, the officer isn't required to make any - -actually any observations at all related to under the influence or at a .08 or greater level.

The hearing officer ruled that the statutory burden of § 2472(3)(B) had already been met after the Officer testified and in the first paragraph of his report. The hearing officer found that there was sufficient probable cause to believe that Lowell had operated a vehicle at the time he had any amount of alcohol in his blood, that, by a preponderance of the evidence, that Lowell was under the age of twenty-one, that he was the operator of the vehicle and that he had consumed some amount of alcohol that was in his blood. The hearing officer denied the petition and lifted the stay on the Lowell's suspension. This appeal followed.

## Discussion
### A.    Standard of Review

The court's review of the Respondent's determination is very limited. Agency rulings may be reversed or modified on appeal only if the court determines that they are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by bias or error of law, (5) unsupported by substantial evidence on the whole record or (6) arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A § 11007(4)(C) . 2004).

The court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. *Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987). "The burden of proof clearly rests with the party seeking to

overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982). In cases where conflicting evidence is presented, the Law Court has repeatedly held that such conflicts are for the fact finder to resolve. *Bean v. Maine Unemployment Ins. Comm'n*, 485 A.2d 630, 634 (Me. 1984).

**B.    Applicable Law.**

A juvenile provisional license is a license that is issued to a person who has not yet attained the age of twenty-one years. 29-A M.R.S.A.§ 2472(1) (2004). Section 2472(3)(B) (2004) requires the Secretary to suspend a juvenile provisional license of a person who "[o]perates a motor vehicle with any amount of alcohol in the blood." Therefore, the relevant issues before the hearing officer under a section 2472(3) appeal are whether Lowell was under the age of twenty-one, whether he had operated or attempted to operate a motor vehicle and whether there was any alcohol in his blood. Whether there was probable cause relates to the refusal to take a blood-alcohol test and is not a arelevant issue under section 2472(3).

*1.    Maine and U.S. Constitution*

At the hearing, Lowell did not dispute the issue of whether he had any amount of alcohol in his blood. Tab 2, p. 9, Tab 5, p. 4. When Lowell attempted to cross-examine the officer concerning intoxication indicators and the results of field sobriety tests, the hearing officer terminated the questioning, because the actual level of intoxication is irrelevant under the statute and Lowell was not arguing that he did not have any alcohol in his blood.

Nevertheless, Lowell argues he was denied the right to effective cross-examination in violation of his due process rights as guaranteed by the Maine State Constitution, Me. Const. Art I, § 6-A, and the Fourteenth Amendment of the United States Constitution. As such, he claims that the hearing officer's decision was affected by bias or error of law and was arbitrary and capricious in violation of 5 M.R.S.A. § 11007(4)(C).[2]

Maine follows *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), and utilizes a three-prong test:

> We look at the private interest that will be affected by the governmental action; we consider the risk of an erroneous deprivation of that interest through the procedures that were used and whether there is value to adding or substituting other procedural safeguards; and we examine the governmental interest and what burden, if any, additional or substitute procedures would involve.

*Guardianship of K-M*, 2005 ME 8, ¶ 23, 866 A.2d 106, 113 (citing *In re Amberley D.*, 2001 ME 87, ¶ 11, 775 A.2d 1158, 1163; *Guardianship of Hughes*, 1998 ME 186, ¶ 9, 715 A.2d 921-22. *See also State v. Stade*, 683 A.2d 164, 166 (Me. 1996). The Law Court stated in *Stade* that the activities constituting constitutional due process violations must be "deprivations of life, liberty, or property without 'fundamental fairness' through governmental conduct that offends the community's sense of justice." *Stade*, 683 A.2d at 166.

---

[2] In addition, an erroneous evidentiary ruling could also fall under the "made upon unlawful procedure" basis for reversing or modifying the BMV's decision. 5 M.R.S.A. § 11007(4)(C)(3).

The parties agree that a suspension of a driver's license is sufficient to meet the first prong and agree that there is no significant burden at stake in regards to the third prong. The issue is then whether the hearing officer's ruling that did not allow Lowell to question the officer concerning the indicia of intoxication created a risk of erroneous deprivation of the his liberty and property interest in his driver's license that was fundamentally unfair and offensive to the community's sense of justice.

No deprivation of Lowell's due process rights occurred in this case. There was *no* risk of an *erroneous* deprivation , because the prohibited line of questioning was irrelevant to the relevant issues under section 2472(3) and because Lowell admitted having alcohol in his blood. He was permitted wide latitude in his cross-examination, and simply was not allowed to question the officer concerning any indicia of intoxication, as the actual degree of intoxication was irrelevant under the statute. Lowell had admitted that he had alcohol in his blood and did not dispute the fact at the hearing. The hearing officer did not violate Lowell's due process rights, as there was no risk of erroneous deprivation.

2.    *Maine Administrative Procedures Act*

Lowell also argues that by refusing to allow his attorney from engaging in cross-examination regarding the indicia of alcohol consumption, the hearing officer violated the Maine Administrative Procedures Act. 5 M.R.S.A. § 9056(2) ( 2004). The Act states that, "unless otherwise limited by the agency to prevent repetition or unreasonable delay in proceedings, every party shall have the right to present evidence and arguments on *all issues*, and at any hearing to call and examine witnesses and to make oral cross-examination of any person present and testifying." *Id.* (emphasis added).

The court finds that that the hearing officer acted appropriately under the Act by limiting cross-examination to only relevant issues as exploration of such issues would unreasonably delay the proceedings. Further, a court should avoid results that are absurd, inconsistent, unreasonable, or illogical. *International Paper Co. v. Bd. of Envtl. Prot.*, 629 A.2d 597, 599-600 (Me. 1993). To interpret the Act to define "all issues" to include irrelevant issues would yield an illogical, unreasonable result. The hearing officer did not violate the Act.

## CONCLUSION

For the foregoing reasons, the court affirms the Respondent's decision to suspend the Petitioner's license pursuant to 29-A M.R.S.A. § 2472(3) and to limit cross-examination.

Accordingly, the entry is:

Decision of the Respondent, Matthew Dunlap, on behalf of the Bureau of Motor Vehicles is **AFFIRMED**.

The Clerk may incorporate this Decision and Order into the docket by reference.

DATED: Sept. 12, 2005

Justice, Maine Superior Court

FILED &
ENTERED

SEP 1 3 2005

SUPERIOR COURT
HANCOCK COUNTY

7