STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                            CIVIL ACTION
                                                           Docket No. AP-05-49



ANTHONY MASTROPASQUA,

      Plaintiff,

    v.                                                    ORDER

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

      Defendant.


Before the court is plaintiff Anthony Mastropasqua's appeal from a decision of the Maine Unemployment Insurance Commission concluding that Mastropasqua voluntarily left his job without good cause attributable to employment and that he was therefore not entitled to unemployment benefits.


Procedural History

Mastropasqua left his employment with Amato's Sandwich Shops Inc. in November 2004 and filed an application for unemployment benefits. Originally, the Bureau of Employment Security found that he left his employment with good cause attributable to his employment and awarded him benefits. R. 197. An appeal from that decision was taken and after a hearing on January 19, 2005 (R. 75-189), an administrative hearing officer set aside the decision below and found that Mastropasqua had left his employment voluntarily and without good cause attributable to his employment. R. 71-74. Mastropasqua then appealed. (R. 67-70). Originally the Commission affirmed and adopted the hearing officer's decision (R. 48) but after Mastropasqua noted that he had faxed additional information that had apparently not

been considered by the Commission, the Commission held a telephone hearing and took further evidence on his request for reconsideration (R. 38, R. 6-37).

On June 30, 2005, the Commission issued a decision upholding the hearing officer's decision and finding that because Mastropasqua left his employment without good cause attributable to his employment, he was not eligible for unemployment benefits. R. 1-3.

Standard of Review

On an appeal of this nature, the function of judicial review is to determine whether the Commission's factual findings are supported by any competent evidence and whether the Commission correctly applied the law. McPherson v. Maine Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818, 820. If there is substantial evidence in the record to support the Commission's findings, those findings must be upheld unless the record before the Commission compels a contrary result. Id. The court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result or because the court might have weighed the evidence differently. E.g., Dowd v. Secretary of State, 526 A.2d 583, 584 (Me. 1987).

In this case both the hearing officer and the Commission found that, regardless of whether Mastropasqua's complaints about his treatment by his supervisor were valid, he had not left his employment with good cause because, under Merrow v. Maine Unemployment Insurance Commission, 495 A.2d 1197, 1201 (Me. 1985), the employer was entitled to an opportunity to remedy the offensive conditions. In this case there was a dispute whether Mastropasqua had ever brought his complaints about his supervisor to the company's attention prior to November 17, 2004. See R. 172-74. The

2

Commission was entitled to conclude that Mastropasqua had not previously raised with company management the issues that he contends caused him not to appear for work on that date.

Moreover, it appears to be undisputed that when the employer sought to resolve Mastropasqua's complaints by arranging for him to work at a different store, he did not appear for work at that store as scheduled. R. 16, 113, 146, 152. Mastropasqua then indicated he wanted to return to work at the original store, but when a meeting was scheduled to explore that possibility, he did not attend. R. 148-49.

Whether or not the court would make the same finding, there was sufficient evidence to sustain the Commission's finding that Mastropasqua did not leave his employment with good cause attributable to his employment because he did not give the employer any opportunity to resolve the problems he allegedly was experiencing. Merrow, 495 A.2d at 1201.[1]

The entry shall be:

The June 30, 2005 decision of the Commission in the above-captioned case is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June ___/___, 2006

_____
Thomas D. Warren
Justice, Superior Court

---

[1] Mastropasqua apparently has a pending employment discrimination claim, and the court expresses no view one way or the other as to the merits of that claim.

Date Filed __JULY 29 2005__ __CUMBERLAND__ Docket No. ___AP-05-49___
County

Action ___80C APPEAL___

ANTHONY J MASTROPASQUA                 AMATO'S SANDWICH SHOPS INC

                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ANTHONY J MASTROPASQUA (PRO-SE) | KELLY TURNER ESQ |
| PO BOX 6633 | ELIZABETH J WYMAN AAG  (ME. Unemploy. Comm. |
| PORTLAND MAINE 04103 | 6 STATE HOUSE STATION |
| (207)767-3632 | AUGUSTA MAINE 04333-0006 |
| (207)210-2337 | (207)626-8800 |
| | KELLY TURNER, AAG(ME UNEMP. INS. COM) |
| | 6 STATE HOUSE STATION |
| | AUGUSTA, ME 04333-0006 |
| | 626-8800 |

Date of
Entry

2005