STATE OF MAINE
PENOBSCOT, SS.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 16 2007

SUPERIOR COURT
Docket No. AP-06-9

A MM · PE N)- 11/29/2006

COLLABRIC, INC., )
        Appellant, )
         )
         )
v. )
         )
         )
MAINE UNEMPLOYMENT )
INSURANCE COMMISSION, )
        Respondent. )

DECISION AND JUDGMENT

FILED & ENTERED
SUPERIOR COURT

NOV 29 2006

PENOBSCOT COUNTY

The facts are largely uncontroverted in this appeal from the decision of the Maine Unemployment Commission awarding unemployment benefits to Steven Towers. The Appellant argues that the Commission erred in concluding that Towers was discharged, but not for misconduct. Appellant asserts that Towers committed abusive behavior against another employee on December 28, 2005.

The facts establish that Towers went to the office of Gene Blake with the intention of confronting him regarding statements which Blake allegedly made to Jane Jamo shortly prior thereto. Jamo and Towers are involved in a relationship and reside together. Blake had essentially told her that she should make her own requests for employment benefits without involving Tower.[1] Tower was agitated, red-faced and apparently verbally aggressive after entering Blake's office and closing the door behind him. As part of his comments, he advised Blake that he better "...watch his (expletive deleted) step...". Although Tower gestured with his finger during the confrontation, no party suggests that Blake was physically accosted, or threatened to be physically accosted.. Tower was terminated from his employment without being allowed an opportunity to explain or illuminate his actions.

The parties agree that the only "for cause" (i.e. – misconduct) termination which would be justified under the circumstances would fall within the "abusive or assaultive" behavior categories. 26 MRSA §1043(23)(A)(10). The majority of the Commission felt that Tower's behavior was justified and did not rise to the level of misconduct as noted in §1043(23)(A)(10).

The court has little difficulty in concluding that Tower's behavior was rude, aggressive, and uncalled for. Confrontations fueled by unreasoning emotion are counterproductive and unacceptable in the workplace. However, the question remains:

---

[1] Blake is Jamo's supervisor and requests for such benefits would ordinarily be addressed to him. Blake and Tower do not have a supervisory relationship and have had conflicts in their relationship in the past.

Did Tower's behavior constitute abusive or assaultive conduct as would justify a finding of misconduct? Although the court's inclination leans to the conclusion that it did, the standard on this 80B appeal is not whether this court would reach a different result. <u>Dodd v. Secretary of State</u>, 526 A.2d 583 (Me. 1987). The standard is whether the record supports the Commission's finding and whether the Commission properly applied the law. <u>McPherson v. Maine Unemployment Commission</u>, 1998 ME 177 p6, 714 A.2d 818 (Me. 1998). Under this standard, the court must answer each question in the affirmetive. As such, the Appellant's appeal must be denied.

So Ordered. The matter is remanded to the Maine Unemployment Insurance Commission for entry of final judgment.

The Clerk may incorporate this Order upon the docket by reference.

Dated: November 29, 2006

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

Date Filed ___6/13/06___ ___Penobscot___ Docket No. ___AP-2006-9___
County

Action ___Rule 80C Appeal___
**ASSIGNED TO JUSTICE ANDREW M. MEAD**

COLLABRIC, INC.
vs.
MAINE UNEMPLOYMENT INSURANCE COMMISSION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GROSS, MINSKY, MOGUL & SINGAL<br>P O BOX 917<br>BANGOR ME  04402-0917<br>BY: EDWARD W. GOULD, ESQ. | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME.   04333-0006<br>BY:  ELIZABETH J. WYMAN, AAG<br>        KELLY L. TURNER, AAG |

| Date of Entry | |
|---|---|
| 6/13/06 | Petition for Review of Final Agency Action filed by Plaintiff. |
| 6/14/06 | Notice of Assigned Justice form specially assigning Justice Andrew M. Mead forwarded to attorney for Plaintiff. |
| 6/26/06 | Letter received by Elizabeth J. Wyman, AAG, and Kelly L. Turner, AAG, entering their appearance on behalf of the Respondent, Maine Unemployment Insurance Commission. (Copy of Notice of Assigned Justice forwarded to Attorneys of record for Respondent) |
| 7/10/06 | Certification of Administrative Record filed by Respondent. |
| 7/11/06 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions forwarded to attorneys of record. |
| 8/18/06 | Plaintiff's Uncontested Motion for Enlargement of Time to File Brief filed (until 8/25/06) with proposed order. |
| 8/25/06 | Brief of Plaintiff/Appellant filed (Exhibit A Attached) |
| 9/05/06 | Order on Plaintiff's Uncontested Motion for Enlargement of Time to file Brief - GRANTED.  Said brief shall be filed by August 25, 2006.  Copy forwarded to attorneys of record on 9/11/06. |
| 9/27/06 | Brief of Respondent Maine Unemployment Insurance Commission filed. |
| 11/13/06 | File presented to Justice Mead for review. |
| 11/16/06 | Order filed.  The parties have submitted briefs on 80C Appeal.  The Court takes the matter under advisement, without oral argument, and an order will be issued in due course. /s/ Andrew M. Mead Copy forwarded to all attorneys of record. |
| 11/29/06 | File returned by Justice M. Mead.  Order issued. |