STATE OF MAINE                          SUPERIOR COURT
YORK, SS.                               CIVIL ACTION
                                        DOCKET NO. AP-12-35
RICHARD M. ALBANESE,          )         JON-YOR - 12/30/2013
                              )
             Petitioner,      )
          v.                  )
                              )         ORDER
MAINE UNEMPLOYMENT            )
INSURANCE COMISSION           )
                              )
             Respondent.      )


Petitioner Richard M. Albanese appeals his denial of unemployment benefits.

I.    Background

Petitioner was employed by Family Fun, Inc. between May 21 and August 17, 2011 as a

security worker for Employer's campground. Petitioner was generally scheduled to work

between twenty-four and thirty hours per week at a rate of $10.00 per hour. Petitioner was

supervised by the owner/general manager.

Petitioner's job duties related to keeping the campground safe. They included keeping his

radio on and monitoring the radio for any calls made to him during his shift, making sure the

guests were quiet after 11:00 p.m., and making rounds to make sure the campgrounds was safe,

among other things. Additionally, there was a company rule prohibiting socializing with guests.

On multiple occasions, Petitioner turned off his radio during his shift because he felt that

the voices on the other end were too loud. Petitioner's supervisor repeatedly told Petitioner that

turning off the radio was unacceptable. Petitioner continued to turn off the radio.

On the evening of July 24, the claimant was socializing with guests at one of the

campsites. Petitioner was told multiple times that night that he was not permitted to socialize

with guests. After Petitioner was told that he could not socialize with guests, he would leave, do

1

a round, and return to socializing. Petitioner was given a written warning for socializing and placed on probation for two weeks. When Petitioner returned to work his hours were reduced from four nights per week to three nights per week for failing to comply with the rule.

On August 14, the owner's wife asked Petitioner to carry some bags across the campground to the owner. Petitioner responded by asking if he really had to carry the bags. Petitioner claims he was joking. The owner's wife did not understand Petitioner to be joking. Petitioner did carry the bags to the owner.

Also on the evening of August 14, a guest requested that Petitioner turn on the lights because a number of people were tripping on potholes. Petitioner responded "maybe," and walked away. Petitioner did not turn on the lights. When the manager on duty asked Petitioner why he did not turn on the lights, Petitioner told the manager that he did not know how and that he forgot to ask someone else to.

On August 18, the assistant general manager called Petitioner at home and terminated his employment. The reasons stated for the termination included failure to turn on the lights at the guests' request, among others.

II.    Standard of Review

When the Court reviews a decision of the Maine Unemployment Insurance Commission, its review "is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." McPherson Timberlands v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by the Law Court." Gulick v. Bd. of Envtl. Prot., 452 A.2d 1202, 1207-08 (Me. 1982). The Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." Id; see also Gerber Dental

2

Ctr. v. Maine Unemployment Ins. Comm'n, 531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. See 5 M.R.S.A. § 11007(4)(C)(5); Clarke v. Maine Unemployment Ins. Comm'n, 491 A.2d 549, 552 (Me. 1985).

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." Bischoff v. Maine State Ret. Sys., 661 A.2d 167, 170 (Me. 1995) (citation omitted); see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. See Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987); Gulick, 452 A.2d at 1209.

III.    Discussion

Petitioner appeals the decision of the Commission finding that he was fired for "misconduct" and is therefore disqualified from receiving unemployment benefits. Petitioner contends that he performed his job duties in good faith, and therefore was not fired for misconduct.

An individual is temporarily disqualified from receiving unemployment benefits if "he has been discharged for misconduct connected with his work." "Misconduct" is defined by statute as: "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S. § 1043(26). "Misconduct" is presumed where the employer can show the petitioner repeatedly failed to perform job duties, or follow reasonable rules that were either set out by the employer or which should have reasonably been presumed to have existed. 26 M.R.S.

3

§ 1043(26)(A)(1-3). "Misconduct" may not be found to exist on the basis of an isolated error in judgment or failure to perform satisfactorily when the petitioner made a good faith effort to perform.

The statute asks the decision maker to look at the actions taken by the petitioner, not what the petitioner was thinking about when he was acting, and evaluate whether the actions were adverse to the interests of the employer.

> It is not an essential of misconduct, as defined in the statute, that the employee have actual subjective intent to disregard the employer's interests. It is sufficient if the Commission justifiably determines that the employee's conduct was of a type, degree, or frequency that was so violative of employer interests that it may reasonably be deemed tantamount to an intentional disregard of those interests.

Sheink v. Maine Dep't of Manpower Affairs, 423 A.2d 519, 522 (Me. 1980). The Law Court has repeatedly held that actions are sufficient to display disregard for the employers interest. This means that a petitioner does not need to have bad faith in performing his duties in order for his performance to be deemed "misconduct" for the purposes of the statute. His performance will be considered misconduct if he repeatedly failed to meet reasonable standards set out by the employer. See Tompkins v. Maine Unemployment Ins. Comm'n, 487 A.2d 267, 269 (Me. 1985); Thompson v. Maine Unemployment Ins. Comm'n, 490 A.2d 219, 222 (Me. 1985); Forbes-Lilley v. Maine Unemployment Ins. Comm'n, 643 A.2d 377, 379 (Me. 1994).

That is what occurred in the case at hand. Employer has shown that Employer had reasonable rules that were conveyed repeatedly to Petitioner. The rules included keeping the radio turned on, not socializing with guests, following directions, and being polite to guests. Petitioner did not follow the rules. Petitioner turned off his radio, socialized with guests, and answered guest requests in a manner unacceptable to Employer, after being warned about his performance. This does not necessarily display good or bad faith on Petitioner's behalf. The test

4

does not ask for an evaluation of the thoughts of the Petitioner. The test concerns whether

Petitioners actions are inconsistent with Employer's interest. Turning off the radio, socializing

with guests, and answering guests in a manner unacceptable to Employer, after being warned, are

all inconsistent with Employers interest. The evidence supports the decision of the Commission.

The Commission rightfully considered petitioner's conduct "misconduct" for purposes of the

statute.

IV.    Conclusion

The court affirms the Commissions conclusion that Petitioner is disqualified from the receipt of

unemployment benefits because Petitioners actions amount to "misconduct" pursuant to 26

M.R.S. § 1043(26). The court would like to explain, as it did to Mr. Albanese at oral argument,

that "misconduct" as defined by this law is not a finding he is of bad moral character but instead

that  his employer had a right to set reasonable rules and the Commission's decision that he

violated them was supported by the record.

DATE:  12/30/13

_____

John O'Neil, Jr.
Justice, Superior Court

5

ATTORNEY FOR PLAINTIFFS':
RICHARD M. ALBANESE (PRO-SE)
90 YOUNGS RIDGE ROAD
ACTON, ME 04001

ATTORNEY FOR DEFENDANTS':
ELIZABETH J. WYMAN, AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, ME 0433-0006