ENTERED NOV 0 6 2014

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         DOCKET NO. AP-13-030

                                                  5/7/2014

TAOS BROOKS,                          )
                                      )
          Claimant,                   )
    v.                                )
                                      )                    80C ORDER
                                      )
MAINE STATE POLICE, A BUREAU          )
OF DEPARTMENT OF PUBLIC               )
SAFETY, STATE OF MAINE,               )
                                      )
          Respondent.                 )


Petitioner, Taos Brooks, has filed this 80C appeal challenging the denial of his

application for a concealed handgun permit.

## STANDARD OF REVIEW

When the Court reviews a decision of a State agency, its review "is limited to

determining whether the [agency] correctly applied the law and whether its fact findings are

supported by competent evidence." McPherson Timberlands v. Unemployment Ins. Comm'n,

1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error'

standard used by the Law Court." Gulick v. Bd. of Envtl. Prot., 452 A.2d 1202, 1207-08 (Me.

1982). The Court must not disturb the decision of the agency "unless the rules or regulations

plainly compel a contrary result." Rangeley Crossroads Coal v. Land Use Reg. Comm'n, 2008

ME 115, ¶ 10, 955 A.2d 223; see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n,

531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to

determine whether the agency could fairly and reasonably find the facts as it did. See 5

M.R.S.A. § 11007(4)(C)(5); Clarke v. Maine Unemployment Ins. Comm'n, 491 A.2d 549, 552

(Me. 1985).

1

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." Bischoff v. Maine State Ret. Sys., 661 A.2d 167, 170 (Me. 1995) (citation omitted); see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. See Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987); Gulick, 452 A.2d at 1209.

## DISCUSSION

There is no absolute right to bear firearms under the Maine Constitution. See State v. Brown, 571 A.2d 816, 818 (Me. 1990). The State is permitted to reasonably regulate the possession of firearms. Id. The Law Court has held that it is a reasonable regulation for the State to require permits for concealed firearms. Hilly v. City of Portland, 582 A.2d 1213, 1215 (Me. 1990) ("Maine's concealed firearms statute is a reasonable response to the justifiable public safety concern engendered by the carrying of concealed firearms. The permit requirements pass constitutional muster as an acceptable regulation of the individual's right to keep and bear arms.")

The procedure for obtaining a concealed handguns permit in Maine is governed by 25 M.R.S. § 2003 (2013). Section 2003 contains a host of requirements that an individual must meet in order to be issued a concealed weapons permit. One of the requirements is that the applicant "has demonstrated good moral character". 25 M.R.S. § 2003(1). To determine whether an applicant has demonstrated good moral character, 25 M.R.S. § 2003(4) provides, in pertinent part, that the issuing authority shall make a written decision

> based solely upon information recorded by governmental entities within five years of receipt of the application, including, **but not limited to**, the following matters:

2

A. Information of record relative to incidents of abuse by the applicant of family or household members, provided pursuant to Title 19-A, section 4012, subsection 1;

B. Information of record relative to 3 or more convictions of the applicant for crimes punishable by less than one year imprisonment or one or more adjudications of the applicant for juvenile offenses involving conduct that, if committed by an adult, is punishable by less than one year imprisonment;
C. Information of record indicating that the applicant has engaged in reckless or negligent conduct; or

D. Information of record indicating that the applicant has been convicted of or adjudicated as having committed a violation of Title 17-A, chapter 45 or Title 22, section 2383, or adjudicated as having committed a juvenile crime that is a violation of Title 22, section 2383 or a juvenile crime that would be defined as a criminal violation under Title 17-A, chapter 45 if committed by an adult.

25 M.R.S. § 2003(4)(emphasis added). As the Law Court indicated in Hider, a police chief is not limited in his consideration to the four factors contained in § 2003(4). 628 A.2d 158, 161.

The issue before the court is whether the decision by the State Police to deny Claimant's application was "unlawful, arbitrary, capricious or unreasonable." Driscoll v. Gheewala, 441 A.2d 1023, 1026 (Me.1982).[1] The State Police's finding that Claimant had not demonstrated good moral character was based upon a series of events detailed in the denial letter, as required pursuant to 25 M.R.S.A. § 2003(12). These incidents include: trading firearms for a truck from another state; a call to the Sanford Regional Communications Center in which Claimant inquired whether he could use deadly force in protecting property against bank repossession; Claimant's calls to the home of State Representative Nass chastising her for supposedly reporting Claimant to DHHS, blaming her for personal issues, and making degrading comments about her to her husband; Claimant's refusal to produce his Maine Medical Marijauna Card or marijuana

---

[1] Respondent has also moved the Court to Dismiss Claimant's appeal for failure to state a claim for which relief may be granted. Claimant has moved the court to review the denial of his application of a concealed weapon permit on the basis of lack of evidence and a misinterpretation of the evidence presented. These are proper grounds for 80C appeal. The Court denies Respondent's Motion to Dismiss.

3

prescription when requested by MDEA officers and his 9-1-1 call on the MDEA, which created a potentially dangerous situation; and Claimant's refusal to pay child support arrearages arguing that the mother of his daughter had "kidnapped" his daughter in 2007 despite the District Attorney's determination that the incident did not warrant criminal charges. The Maine State Police determined that the totality of these incidents did not demonstrate good moral character on Claimant's part. The court finds that there is competent evidence supporting the State Police's determination.

Claimant argues that these activities were all pursuant to his First Amendment right to petition the government for redress. Therefore, Claimant argues that a denial on the basis of those incidents would be a violation of his First Amendment right. The State Police's finding that Claimant had not demonstrated good moral character was not based upon Claimant's exercise of first amendment rights. The State Police's decision was based upon the manner in which Claimant sought to petition the government for grievances.

CONCLUSION

The court AFFIRMS the determination of the State Police.

DATE: 5/7/14          _____

John O'Neil, Jr.
Justice, Superior Court

4

**PRO SE CLAIMANT**
Taos Brooks
325 Goose Pond Road
Acton, ME   04001

**ATTORNEY FOR RESPONDENT**
Laura Yustak Smith, AAG
Office of the Attorney General
6 State House Station
Augusta, ME   04333-0666