STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               Civil Action
                                        Docket No. AP-17-0016


R. JASON CYR,

            Petitioner,

      v.                                ORDER DENYING APPEAL

SECRETARY OF STATE,

            Respondent.

Petitioner R. Jason Cyr appeals pursuant M.R. Civ. P. 80C the denial of his petition to the Secretary of State, Bureau of Motor Vehicles, to review the 275-day administrative suspension of his license. The sole issue on appeal is whether the manner in which the police officer warned petitioner about the consequences of refusing an alcohol violated the governing statute, 29-A M.R.S. § 2521(3).

## Background

On February 5, 2017, Cyr was stopped for speeding by Berwick Police officer Michael Howie. (Transcript of May 18 Hearing, R. Tab 5, p. 4.) The officer administered a series of field sobriety tests at the scene; Cyr did not perform well. (R. Tab 5, pp. 5-6.) Cyr was arrested, charged with OUI pursuant to 29-A M.R.S. § 2411, and brought to the police station for an Intoxilyzer test. (Howie Police Report, R. Tab 6, p. 6.)

At the station, Cyr refused the test. (R. Tab 5, p. 7.) Howie produced the implied consent form and read the first paragraph aloud. (R. Tab 5, p. 7.) Howie

1

then asked Cyr if he understood the paragraph; and Cyr responded, "I believe so." (R. Tab 5, p. 9.) Howie then asked Cyr if he would rather read the form himself and petitioner indicated that he would. (R. Tab 5, p. 7.) Howie then gave him the form. (R. Tab 5, p. 7.) Cyr read the form, indicated that he understood, and signed the form indicating that he was refusing the test despite the warnings. (R. Tab 5, p. 7.) Howie did not read the entire form out loud. (R. Tab 5, p. 7.) Cyr's license was suspended for 275 days, effective March 10, 2017. (R. Tab 8.)

An administrative suspension hearing was held on May 18, 2017 pursuant to 29-A M.R.S. § 2483. The hearing examiner declined to lift the suspension; and rejected petitioner's argument that Officer Howie's warning of the consequences of refusing a test violated section 2521(3) because the officer allowed him to read part of the warning, and did not read it aloud in its entirety. (Written Decision, R. Tab 3.) Specifically, the hearing examiner concluded that section 2521(3), which requires a person must be "told" of said consequences, did not mandate an oral warning in this instance. "To find that 'told' must be always verbal could lead to an absurd result where a person has read the warnings, signed that they have been advised, and then claim they were not informed per § 2521, the issue at hearing." (R. Tab 3.)

Petitioner filed this Rule 80C appeal on July 12, 2017. His request for a stay pending appeal was denied by Respondent and by this court.

2

## Standard of Review

When reviewing appeals from administrative hearings before the Secretary of State, the Superior Court acts in an appellate capacity and reviews a hearing officer's decision for abuse of discretion, error of law, or lack of substantial evidence in the record to support the hearing examiner's decision. *Mancini v. Secretary of State,* 540 A.2d 117, 118 (Me. 1988); *Robinson v. Board of Trustees of Maine State Retirement Sys.,* 523 A.2d 1376, 1378 (Me. 1987); 5 M.R.S. § 11007(4)(C). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." *Crocker v. Maine Unemployment Sec. Comm'n,* 450 A.2d 469, 471 (Me. 1982). A reviewing court cannot substitute its own judgment for that of the hearing examiner merely because the record could support more than one result. *Dodd v. Secretary of State,* 526 A.2d 583, 584 (Me. 1987). Only if the record compels a contrary result will the court disturb the decision. *Mcerson Timberlands, Inc. v. Unemployment Ins. Comm'n,* 1998 ME 177, ¶ 6, 714 A.2d 818.

## Discussion

There is competent record evidence to support the hearing examiner's findings of fact. The only issue for judicial review is whether the hearing examiner correctly interpreted the statute in question, 29-A M.R.S. § 2521(3). This is a legal conclusion that the court reviews de novo. *See Nat'l Org. for Marriage v. Comm'n on Governmental Ethics & Elections Practices,* 2015 ME 103, ¶ 20, 121 A.3d 792.

Section 2521(3), provides, as follows:

"Neither a refusal to submit to a test nor a failure to complete a test may be used for any of the purposes specified in paragraph A, B or C unless the person has first been *told* that the refusal or failure will: A. Result in suspension of that person's driver's license for a period up to 6 years; B. Be admissible in evidence at a trial for operating under the influence of intoxicants; and C. Be considered an aggravating factor at sentencing if the person is convicted of operating under the influence of intoxicants that, in addition to other penalties, will subject the person to a mandatory minimum period of incarceration."

29-A M.R.S. § 2521(3)(Emphasis added).

Petitioner contends that the statute's use of the word, "told", mandates that an officer must always inform a driver *orally* of the consequences of a refusal, *i.e.* literally must read the entire warning aloud. Thus, petitioner contends that he was not adequately warned because Officer Howie only read aloud part of the required warning and allowed petitioner (with his consent) to read the remainder of warning to himself.

In construing a statute, words are to be given their "plain, common, and ordinary meaning" in the absence of statutory definitions. *Levine v. State Farm Mut. Auto. Ins. Co.*, 2004 ME 33, ¶ 19, 843 A.2d 24, *quoting State v. Vainio*, 466 A.2d 471, 474 (Me. 1983). The statute does not define the word, "told."

A court's principal task is "to ascertain the real purpose of the legislation." *Davis v. State*, 306 A. 2d 127, 129-30 (Me. 1973). "Once this purpose is found, a court should give effect to it, avoiding results that are absurd, inconsistent, unreasonable or illogical, if the language of the statute is fairly susceptible to such a construction." *State v. Niles*, 585 A.2d 181, 182 (Me. 1990), *citing Paradis v. Webber*, 409 A.2d 672, 675 (Me. 1979); *Davis*, 306 A. 2d at 130.

4

Courts should "consider the practical operation and possible consequences" of a statute's construction while effectuating the overall purpose and intent of the legislative scheme as a whole. *See Clark v. State Emps. Appeals Bd.,* 363 A.2d 735, 738-39 (Me. 1976); *Ace Tire Co., Inc. v. Municipal Officers of Waterville,* 302 A.2d 90, 99 (Me. 1973).

The purpose of the statute's requirement for an informed consent warning is to "inform the driver that he has a duty to take the test and that his failure to cooperate will result in serious sanctions." *State v. Chase,* 2001 ME 168, ¶ 7, 785 A.2d 702. To this end, "the refusal sanctions may not be imposed against a defendant unless the defendant has first been warned that his or her refusal will result in such consequences." *Id., citing* 29-A M.R.S. § 2521(3). The essential purpose of Section 2521, therefore, is to assure that a driver is informed about the consequences of refusing to submit to a test; and if a hearing is held to ascertain the sufficiency of a warning, the hearing "must include whether . . . the person was *informed* of the consequences of failing to submit to a test." 29-A M.R.S. § 2521(8)(B) (Emphasis added).

The court does not interpret use of the word "told" in section 2521(3) to mandate in every instance an officer must *orally* recite the full statutory warning to a driver. The statute's principal objective is to assure that a driver is informed of the consequences of refusing a test. In many, if not most, instances an oral recitation of the warning may be the best practical means of conveying the information, depending upon a given driver's ability, attitude or state of alertness. On the other hand, others (like petitioner) may prefer to read the

5

warning. In still other instances, it may be impractical or even impossible to convey the information orally; such as, for example, when the driver is hearing impaired or is otherwise unable to listen to an oral recitation. Requiring that the warning always be delivered orally could, in some circumstances, fail to accomplish the statute's central purpose.

There is no indication in the record that petitioner was incapable of reading and understanding the warning at the time, or that he did not, in fact, understand the consequences of failing to take the test. He simply contends as a matter of principle and statutory interpretation that the officer erred by not reading aloud to him the entire warning. The court rejects his contention, and concludes that that the officer in this case did not violate 29-A M.R.S.§ 2521(3) by reading only a portion of the required warning aloud and allowing petitioner to read the rest of the warning to himself before he signed the form confirming that he understood the warning.

Accordingly, it is hereby ordered as follows and the entry shall be:

Appeal DENIED. Decision of the Secretary of State AFFIRMED.

SO ORDERED.

Dated: November 16, 2017

_____
Wayne R. Douglas
Justice, Superior Court

ENTERED ON THE DOCKET ON: 11/17/17

6

ALFSC-AP-17-16


ATTORNEY FOR APPELLANT:

SARAH CHURCHILL, ESQ.
NICHOLS & CHURCHILL PA
1250 FOREST AVENUE
PORTLAND ME 04103


ATTORNEY FOR APPELLEE:

DONALD W. MACOMBER, AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333